**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Willis George BUCK, Defendant–**
**Appellant.**

**No. 02–30105.**
**D.C. No. CR–01–00040–SEH.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 11, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Willis George Buck appeals the district court's denial of his "Motion to modify home detention aspect of sentencing judgment under 28 U.S.C. § 2241; alternative motion to correct clerical mistake in judgment under Rule 36." We have jurisdiction pursuant to 28 U.S.C. § 1291, and dismiss the appeal as moot.

Buck raises two arguments why the case is not moot. Neither argument is persua-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

sive. First, Buck's proposed pro rata reduction of supervised release is contrary to controlling law and thus, this Court can not provide him with effective relief. *See United States v. Johnson,* 529 U.S. 53, 54, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000) (holding excess prison time should not be credited to reduce the supervised release term). Second, the issue is not "capable of repetition, yet evading review" because Buck has not demonstrated that there is a reasonable expectation that he will again be subjected to the alleged illegality. *See Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (per curiam); *see also Spencer v. Kemna,* 523 U.S. 1, 13–14, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (stating that the possibility that a revocation order could trigger an increase in one's sentencing in a future sentencing proceeding does not constitute an actual injury); *Lane v. Williams,* 455 U.S. 624, 632–33 n. 13, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982) (finding no collateral consequence where the respondents themselves are capable, indeed required by law, to prevent such a possibility from occurring).

DISMISSED.

* The panel unanimously finds this case suitable for decision without oral argument, and denies Denny's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.