Submitted March 10, 2003.*

Decided March 20, 2003.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Jose Guadalupe RODRIGUEZ–
SANCHEZ, Defendant–
Appellant.

No. 02–50366.

D.C. No. CR–02–00295–EFS.

United States Court of Appeals,
Ninth Circuit.

Before CANBY, O'SCANNLAIN, and
T.G. NELSON, Circuit Judges.

Submitted March 10, 2003.*

Decided March 20, 2003.

Before CANBY, O'SCANNLAIN, and
T.G. NELSON, Circuit Judges.

MEMORANDUM **

Jose Guadalupe Rodriguez–Sanchez appeals his conviction and 8–month sentence imposed following his guilty plea conviction for importation of marijuana, in violation of 21 U.S.C. §§ 952 & 960. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

952

Rodriguez–Sanchez lacks standing to challenge the district court's calculation of his sentence because he has completed serving his sentence. *See United States v. Palomba,* 182 F.3d 1121, 1123 (9th Cir. 1999); *see also United States v. Johnson,* 529 U.S. 53, 54, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000) (holding that time served in excess of prison sentence is not credited to the supervised release term).

Rodriguez–Sanchez's contention that sections 952 and 960 are facially unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is foreclosed by our decisions in *United States v. Varela–Rivera,* 279 F.3d 1174, 1175 n. 1 (9th Cir.2002) and *United States v. Mendoza–Paz,* 286 F.3d 1104, 1110 (9th Cir.2002).

Rodriguez–Sanchez's contention that the Supreme Court's decision in *Harris v. United States,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), overruled the decisions in *Varela–Rivera* and *Mendoza–Paz* is foreclosed by *United States v. Hernandez,* 322 F.3d 592 (9th Cir.2003).

Rodriguez–Sanchez's contention that the district court should have dismissed the indictment because it failed to allege mens rea as to quantity and type of controlled substance is foreclosed by *United States v. Carranza,* 289 F.3d 634, 644 (9th Cir.2002) (holding that *Apprendi* did not change the long-established rule that the government need not prove that the defendant charged with importing or possessing controlled substance had knowledge of the type and amount of controlled substance), *cert. denied,* —— U.S. ——, 123 S.Ct. 572, 154 L.Ed.2d 458 (2002).

**AFFIRMED.**