

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-1-2007

# Williams v. Sherman

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1443

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Williams v. Sherman" (2007). *2007 Decisions.* Paper 1689.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1689

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1443
_____

FREDERICK B. WILLIAMS,
                                        Appellant,

v.

WARDEN JAMES F. SHERMAN
_____

On Appeal from the United States District Court
For the Western District of Pennsylvania
D.C. Civil No.05–cv-00242E
District Judge: The Honorable Sean J. McLaughlin
_____

Submitted Under Third Circuit LAR 34.1(a)
January 9, 2007

Before: SLOVITER and RENDELL, <u>Circuit Judges</u>,
and RUFE,* <u>District Judge</u>.

(Filed: February 1, 2007)

_____

OPINION OF THE COURT
_____

_____
    *  Honorable Cynthia M. Rufe, Judge of the United States District Court for the
    Eastern District of Pennsylvania, sitting by designation.

RUFE, <u>District Judge</u>.

The instant case is before the Court on appeal from a denial of Appellant

Frederick B. Williams' petition for a writ of habeas corpus. Appellee argues that the

appeal has been rendered moot by Williams' release from prison in March 2006. Because

we agree, the appeal will be dismissed.

**I.**

In May 2001, Williams was sentenced to 84 months in prison and a subsequent

three-year term of supervised release on a conviction for possession of a firearm by a

convicted felon. In December 2004, while serving his sentence at FCI McKean, Williams

left the facility without permission in order to spend a night with his girlfriend. He

voluntarily returned to the facility the following morning, but was nonetheless charged

with escape. <u>See</u> App. to Br. of Appellant, Vol. II, at 65–69, Incident Report No.

1295410.

In April 2005, Williams was transported to the Western District of Pennsylvania to

await processing of the federal escape-from-custody charge. On August 4, 2005, while

Williams was still in the Western District, a Discipline Hearing Officer ("DHO") held an

*in absentia* hearing with respect to the incident, and determined that: (1) 27 days of good-

conduct time should be disallowed; (2) 60 days of non-vested good-conduct time should

be forfeited; and (3) Williams should be transferred to a secure facility. <u>See id.</u> at 259,

Inmate Discipline, Hearing/Findings. The hearing was held, even though Williams was

not present, because his initial release date of August 5, 2005, was imminent and no internal disciplinary action had been taken. On August 8, 2005, Williams pleaded guilty to the escape charge and was sentenced to six months imprisonment consecutive to his felon-in-possession sentence.

On August 22, 2005, after he returned to FCI McKean, Williams filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the procedure and substance of the proposed sanctions. See id. at 12–14, Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 By a Person in Custody. On August 31, 2005, the DHO conducted an in-person disciplinary hearing in which he reaffirmed his previous findings and imposed the above-described sanctions. See id. at 302–04. After adding the term of imprisonment for his escape conviction onto the term of imprisonment for his felon-in-possession conviction, and after imposing the sanctions, Williams' anticipated release date was reestablished as March 29, 2006.

On January 19, 2006, after a series of proceedings, the district court denied Williams' habeas petition for failure to exhaust administrative remedies. App. to Br. of Appellant, Vol. I, at 2, Memorandum Order; see id. at 3–8, Magistrate Judge's Report and Recommendation. Williams timely appealed that decision to this Court. Id. at 1. On March 29, 2006, however, Williams was released from the custody of the Bureau of Prisons and began to serve his three-year term of supervised release.

3

**II.**

It is well established that federal courts do not have jurisdiction to decide an issue unless it presents a live case or controversy. DeFunis v. Odegaard, 416 U.S. 312, 316 (1974). The "case or controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477–78 (1990). What was once a live case or controversy may become moot if (1) the alleged violation has ceased and there is no reasonable expectation that it will recur, and (2) "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979). While an incarcerated inmate's challenge to the validity of his incarceration satisfies the case-or-controversy requirement, the inmate's suit becomes moot upon release unless he or she can demonstrate some "collateral consequence" that persists beyond the sentence's expiration and is "likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998) (holding that even if a revocation of parole was improper, jurisdiction did not exist after the petitioner was released from prison and his term of imprisonment expired).

Since Williams' habeas petition challenged only the sanctions imposed as a result of his escape, it was filed purely in an effort to secure his release at a date earlier than that calculated by the DHO. The only potential consequence of the imposed sanctions, other

4

than the increased period of incarceration, is the delay of the commencement of his supervised-release term. A delayed commencement of supervised release due to an alleged wrongful calculation of good-conduct time cannot be redressed by a favorable judicial decision. See United States v. Johnson, 529 U.S. 53, 60 (2000). By statute, supervised release may commence only upon an inmate's release from prison, 18 U.S.C. § 3624(e) (2000), and once commenced, an individual's term of supervised release runs for the period ordered by the sentencing court. See Johnson, 529 U.S. at 56–60. This term "cannot be reduced 'by reason of excess time served in prison.'" DeFoy v. McCullough, 393 F.3d 439, 442 n.3 (3d Cir. 2005) (quoting Johnson, 529 U.S. at 60).

Consequently, given Williams' release from prison on March 29, 2006, and the absence of any collateral consequences of the challenged imposition of sanctions, the Court does not have jurisdiction to consider the merits of this appeal.[1]

## III.

For this reason, we will DISMISS this appeal as moot.

_____

[1] We express no opinion on the substantive arguments advanced by Williams in his brief.