

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-28-2008

# Scott v. Holt

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3396

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Scott v. Holt" (2008). *2008 Decisions.* Paper 316.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/316

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3396
_____

ALAN N. SCOTT,

Appellant

v.

WARDEN RONNIE HOLT, FCI, Schuykill
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 06-cv-00425)
District Judge:  Honorable A. Richard Caputo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 17, 2008

Before:, BARRY, SMITH and GARTH, <u>Circuit Judges</u>

(Opinion filed October 28, 2008)

_____

OPINION
_____

PER CURIAM

Appellant Alan N. Scott appeals from the order of the United States District Court

for the Middle District of Pennsylvania dismissing his petition filed under 28 U.S.C. §

2241 as moot because of Scott's release from incarceration.

In his § 2241 petition, filed in February 2006, Scott claims that the Bureau of Prisons (BOP) violated his due process rights when they wrongly disciplined him in 2004 for violations of prison rules. All of his allegations challenge the nature and conduct of the disciplinary hearing process. Scott asserts that the Disciplinary Hearing officer was biased and that BOP officials testified falsely and presented false incident reports at his original hearing. He also alleges that BOP officials manufactured new false evidence at his re-hearing. He seeks the restoration of 190 days of good conduct time and the expungement of the disciplinary record.

At the time he filed the § 2241 petition, Scott was serving concurrent 96 month terms of imprisonment following his convictions in the District of Massachusetts for bank fraud and related identity theft offenses. He was incarcerated at the Federal Correctional Institution (FCI-Schuylkill) in Minersville, Pennsylvania. On September 29, 2006, during the pendency of the § 2241 proceedings, the BOP released Scott from custody upon the completion of his term of imprisonment. He was transferred to the custody of the United States Marshal on a pre-trial detainer pursuant to an indictment filed in the United States District Court for the Eastern District of New York, charging him with attempt and conspiracy to commit mail fraud in the 1990's.[1]

The BOP argued that the § 2241 petition was mooted by Scott's release from

[1] In April 2007, Scott pled guilty in the Eastern District of New York. See United States v. Scott, Crim. A. No. 06-00731 (E. D. N. Y.). On April 29, 2008, the U.S. District Court for the Eastern District of New York sentenced Scott in both of his pending criminal cases to thirty-two months in prison.

incarceration. The Magistrate Judge agreed and recommended that Scott's petition be dismissed as moot. The Magistrate Judge found that the loss of good time ended because of Scott's release from incarceration on the expired term of imprisonment. Moreover, the Magistrate Judge determined that, because Scott's term of supervised release could not be changed in habeas proceedings, the court could not grant a reduction in the term of supervised release as a form of relief. The Magistrate Judge also found that the court could not grant prospective relief, such as crediting the 190-day good conduct time against a possible future sentence of imprisonment that might be imposed in the Eastern District of New York. Scott objected.

On June 18, 2007, the U.S. District Court overruled Scott's objections, adopted the Magistrate Judge's Report, and dismissed the § 2241 petition as moot. Scott filed a timely appeal.

Our review of the District Court's decision to dismiss Scott's § 2241 petition is plenary. See Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).

"An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - some 'collateral consequence' of the conviction - must exist if the suit is to be maintained." Spencer v. Kemna, 523 U.S. 1, 7 (1998). "A

3

defendant enjoys a presumption of collateral consequences when he challenges his criminal conviction, or both his criminal conviction and his sentence while he is serving a term of parole, probation or supervised release." United States v. Jackson, 523 F.3d 234, 241 (3d Cir. 2008). But, "[a] defendant who is serving a term of supervised release and challenges only his completed sentence of imprisonment must show collateral consequences." Id. Here, Scott's claim goes to the execution of the sentence of imprisonment that he has since completed. Thus, Scott's suit became moot upon his release unless he can demonstrate some "collateral consequence" that persists beyond the sentence's expiration and is likely to be redressed by a favorable judicial decision. See Spencer v. Kemna, 523 U.S. at 7

In his § 2241 petition, Scott challenged the loss of 190 days of good conduct time imposed as a disciplinary sanction. If relief had been granted while Scott was still serving his term of imprisonment, it would have hastened his release by 190 days. By the time the District Court had rendered its decision, however, Scott's term of imprisonment had ended and his supervised release had begun. See 18 U.S.C. § 3624(e) (2000) ("The term of supervised release commences on the day the person is released from imprisonment"). Scott remained in custody as a pre-trial detainee awaiting sentencing in two criminal cases pending in the Eastern District of New York. The question the District Court had to resolve was whether Scott had pointed to any continuing, concrete, "collateral consequence" from the prison disciplinary action and forfeiture of good conduct time that would be redressable by a favorable judicial decision. The collateral consequences that

4

Scott asserted were based primarily on the impact of the loss of good conduct time on his imminent sentencing and future incarceration in New York. The District Court dismissed the petition as moot. The court adopted the Magistrate Judge's conclusion that, under United States v. Johnson, 529 U.S. 53 (2000), Scott's term of supervised release could not be changed in habeas proceedings and, thus, his petition was not redressable by favorable judicial relief. The District Court also ruled that it was sheer speculation to presume that the New York court would sentence Scott to a term of imprisonment some time in the future.

Scott argues on appeal that his case is not moot because the restoration of 190 days of good conduct time would change the expiration date of the sentence he completed. He claims that, if the Court granted him this relief, he then would be eligible to have the 190 days of excess time served in prison applied to his New York sentence as credit for time served pursuant to 18 U.S.C. § 3585(b)(2). See Informal Brief at 11; Reply Brief at 2-3. He maintains that the federal regulations cited by the government, 28 C.F.R. §§ 2.35(b) and 523.2(c), both of which address the effect of good time on a sentence upon an inmate's release from imprisonment, are "irrelevant." Reply Brief at 2.

Upon thorough review of the record and Scott's arguments on appeal, we agree with the District Court that his habeas petition is moot. Because he has served his complete term of imprisonment, Scott cannot show some concrete and continuing injury from the loss of good time credits. Good time credits do not function as a commutation of a sentence. Rather, "the only function of good time credits is to determine when, in the

5

absence of parole, the prisoner is to be conditionally released on supervision. Once an offender is conditionally released from imprisonment, . . . the good time earned during that period is of no further effect." 28 C.F.R. §2.35(b); see also 28 C.F.R. § 523.2(c) ("Once an inmate is conditionally released from imprisonment, either by parole, including special parole, or mandatory release, the good time earned (extra or statutory) during that period of imprisonment is of no further effect."). Thus, Scott's claim is not redressable by a favorable judicial decision. Scott's assertion that the disciplinary action may adversely affect his future classification and his movement through the prison system is too speculative to demonstrate collateral consequences.

Accordingly, we will affirm the District Court's judgment. Scott's motion for a stay of the appeal is denied.