

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-3-2008

# Scott v. Schuylkill FCI

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4494

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Scott v. Schuylkill FCI" (2008). 2008 Decisions. Paper 274.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/274

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**ELD-5**                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4494
_____

ALAN N. SCOTT,
                                                      Appellant

v.

SCHUYKILL FCI

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 06-cv-01790)
District Judge:  Honorable A. Richard Caputo

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 23, 2008

Before: BARRY, SMITH and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed November 3, 2008)
_____

OPINION
_____

PER CURIAM

        Appellant Alan N. Scott appeals from the order of the United States District Court

for the Middle District of Pennsylvania dismissing his petition filed under 28 U.S.C. §

2241 as moot because of Scott's release from incarceration.

        Scott filed a § 2241 petition on September 13, 2006, claiming that the Bureau of

Prisons (BOP) denied him due process with respect to a prison disciplinary proceeding conducted pursuant to an incident report dated June 4, 2001. He alleges that the incident report was based on hearsay, not personal knowledge, and he disputes whether the "one-sided" verbal altercation for which he was disciplined constituted "fighting with another person" under prison regulations. Scott also asserts that he never saw the evidence against him. He seeks the restoration of 27 days of good conduct time and the expungement of his disciplinary record.

At the time he filed the § 2241 petition, Scott was serving a 96-month term of imprisonment following his conviction in the District of Massachusetts on numerous counts of bank fraud and related identity theft offenses. He was incarcerated at the Federal Correctional Institution Schuykill (FCI-Schuykill) in Minersville, Pennsylvania. On September 29, 2006, during the pendency of the § 2241 proceedings, the BOP released Scott from custody. He was transferred to the custody of the United States Marshal on a pre-trial detainer pursuant to an indictment filed in the United States District Court for the Eastern District of New York, charging him with mail fraud that occurred in the 1990's.[1]

The BOP responded, asserting that the § 2241 petition should be dismissed as moot because Scott had completed serving his prison sentence. Citing United States v.

_____

[1] See United States v. Scott, Crim. A. No. 06-00731 (E. D. N. Y.). During the pendency of this appeal, on April 29, 2008, the United States District Court in the Eastern District of New York sentenced Scott in both of his pending criminal cases to thirty-two months in prison.

2

Johnson, 529 U.S. 53 (2000), the Magistrate Judge recommended that Scott's petition be denied as moot. The Magistrate Judge found that Scott's good time credits could not be restored because he had completed serving his term of imprisonment. The Magistrate Judge rejected, as entirely speculative, Scott's contention that he demonstrated collateral consequences based on a possible future sentence of imprisonment in the Eastern District of New York. Scott objected to the Magistrate Judge's Report.

On June 18, 2007, the United States District Court for the Middle District of Pennsylvania overruled Scott's objections, adopted the Magistrate Judge's Report and dismissed the § 2241 petition as moot. Scott's timely filed Objections crossed in the mail with the District Court's order adopting the Magistrate Judge's Report and dismissing the petition as moot. Scott moved for reconsideration based on his objections to the Magistrate Judge's Report; the court denied the motion in an order entered on November 9, 2007. Scott appeals.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Upon de novo review of the record and careful consideration of Scott's response to the notice of possible summary action, we conclude that no substantial question is presented on appeal and that summary action is warranted. See LAR 27.4 and I.O.P. 10.6.

"Once the convict's sentence has expired, some concrete and continuing injury other than the now-ended incarceration or parole - some 'collateral consequence' of the conviction - must exist if the suit is to be maintained." Spencer v. Kemna, 523 U.S. 1, 7 (1998). A presumption of collateral consequences arising from a wrongful criminal

3

conviction exists in cases where a habeas petitioner challenges the legality of his criminal conviction. But the Court has not extended this presumption to cases where the habeas petitioner attacks a prison sentence that has been completed. United States v. Jackson, 523 F.3d 234, 241 (3d Cir. 2008). Thus, Scott's § 2241 petition challenging the execution of his prison sentence was moot upon his release from imprisonment unless he can demonstrate some "collateral consequence" that persists beyond the sentence's expiration and is likely to be redressed by a favorable judicial decision. See Spencer v. Kemna, 523 U.S. at 7.

Scott's § 2241 petition is moot because it is not redressable by a favorable judicial decision. By the time the District Court had rendered its decision, Scott's sentence had ended and his supervised release had begun. See 18 U.S.C. § 3624(e) (2000) ("The term of supervised release commences on the day the person is released from imprisonment"). Good time credits affect the timing of an inmate's conditional release from prison, but they do not alter the sentence itself. Thus, once Scott served the entire term of imprisonment and was released upon its completion, his good time credits ceased to have any effect. See 28 C.F.R. § 2.35(b); see also 28 C.F.R. § 523.2(c). His assertion that his discipline for "fighting with another person" may adversely affect his future classification is too speculative to demonstrate collateral consequences, nor can his complaint be remedied during his second incarceration.

Accordingly, the District Court judgment is summarily affirmed. Scott's motion for a stay of the appeal is denied.

4