08-1906-cr
United States v. Mukhtaar

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of December, two thousand nine.

PRESENT:   JOHN M. WALKER, JR.,
           REENA RAGGI,
                        *Circuit Judges*,
           JED S. RAKOFF,[*]
                        *District Judge*.

-----------------------------------------------------------------
UNITED STATES OF AMERICA,
                        *Appellee*,

                   v.                                    No. 08-1906-cr

ABDULHAKEEM MUKHTAAR, also known as
Sibide Sangare,
                        *Defendant-Appellant*.
-----------------------------------------------------------------

_____

[*] District Judge Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

SUBMITTING FOR APPELLANT:    Arza Feldman (Steven A. Feldman, *on the brief*), Feldman and Feldman, Uniondale, New York.

SUBMITTING FOR APPELLEE:    Lev L. Dassin (Michael Q. English, Katherine Polk Failla, Assistant United States Attorneys, *on the brief*) Acting United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Shirley Wohl Kram, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on April 16, 2008, is AFFIRMED.

Defendant Abdulhakeem Mukhtaar was convicted, following a guilty plea, of conspiracy to defraud the United States, see 18 U.S.C. § 371; bank fraud, see id. § 1344; theft of United States Treasury checks, see id. § 641; two counts of access device fraud, see id. § 1029(a)(2); and identification document fraud, see id. § 1028(a)(3). On appeal, he challenges his 21-month sentence on the ground that the district court improperly considered both actual and intended losses in calculating his Guidelines offense level. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Jurisdiction

Preliminarily, we identify a jurisdictional concern based on Mukhtaar's completion

2

of his prison sentence during the pendency of this appeal. "[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal must be dismissed." Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal quotation marks omitted). Mukhtaar submits that the possibility of a reduced term of supervised release, see 18 U.S.C. § 3583(e)(1), (2); United States v. Johnson, 529 U.S. 53, 60 (2000), gives him a stake in the outcome of the appeal sufficient to meet the Constitution's jurisdictional requirement of a case or controversy, see U.S. Const. art. III, § 2. Such an argument was persuasive in Levine v. Apker, 455 F.3d 71, 77 (2d Cir. 2006) (holding that case or controversy exists where favorable appellate decision might prompt district court to "modify the length of [defendant's] supervised release"). See also United States v. Barresi, 361 F.3d 666, 675 (2d Cir. 2004) (urging district court to consider reduction in term of supervised release "to compensate for the fact that [defendant] completed his 21-month prison term before his resentencing took place"). It failed, however, in United States v. Blackburn, 461 F.3d 259, 262 n.2 (2d Cir. 2006) (expressing doubt that district court would reduce term of supervised release to make up for improper enhancement given court's clear, express interest in keeping "as close an eye on Blackburn as possible for as long as possible"). Because the district court here made no statement akin to that in Blackburn, we conclude that this appeal is not moot. Nevertheless, we identify no merit in Mukhtaar's sentencing challenge.

3

2. The Sentence

Mukhtaar asserts that a procedural error in the calculation of his Sentencing Guidelines range rendered his 21-month prison sentence unreasonable. See United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (observing that appeals court reviews reasonableness of both substantive and procedural aspects of sentence). Specifically, he submits that the district court erred in calculating the loss attending his crimes of conviction for purposes of U.S.S.G. § 2B1.1(b)(1) by adding together $191,000 in actual losses and $76,000 in intended losses thwarted by government seizure of altered money orders. Mukhtaar argues that the law required the district court to choose between the higher of actual and intended loss in making the relevant Guidelines determination. To be sure, a district court may not double count a loss as both actual and intended. But, as we recognized in United States v. Carboni, intended loss logically must "include both the amount the victim[s] actually lost and any additional amount that the perpetrator intended [them] to lose." 204 F.3d 39, 47 (2d Cir. 2000) (emphasis added). Reviewing the district court's factual findings for clear error and its conclusions of law de novo, see United States v. Uddin, 551 F.3d 176, 180 (2d Cir. 2009), we conclude that the district court properly calculated the § 2B1.1 loss amount consistent with our holding in Carboni.

Accordingly, because we identify no merit in Mukhtaar's sentencing challenge, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court


By:_____