**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4425**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

JON ERIC MILLER,

                    Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Rebecca Beach Smith, District Judge.  (2:02-cr-00082-RBS-TEM-1)

Submitted:  March 30, 2011            Decided:  May 5, 2011

Before WILKINSON, GREGORY, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Frances H. Pratt, Rodolfo Cejas, II, Assistant Federal Public Defenders, Norfolk, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Cameron M. Rountree, Special Assistant United States Attorney, Richard D. Cooke, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jon Eric Miller appeals the forty-eight-month sentence imposed upon revocation of his term of supervised release. Miller argues on appeal that his sentence is procedurally unreasonable because the district court improperly considered factors not permitted by 18 U.S.C. § 3583(e) (2006) and it stated its view that supervised release was a privilege. We affirm.

We will not disturb a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437-39 (4th Cir. 2006). In making this determination, we first consider whether the sentence is unreasonable. Id. at 438. "This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks and citation omitted).

Miller did not request a sentence outside the policy statement range and he failed to raise below any objection to the district court's consideration of unauthorized factors or to its statement regarding supervised release as a privilege. Therefore, his challenge to the procedural reasonableness of his

2

sentence is reviewed for plain error. United States v. Lynn, 592 F.3d 572, 580 (4th Cir. 2010) (finding error not preserved where defendant failed to seek sentence outside guidelines range). "To establish plain error, [Miller] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Even if Miller satisfies these requirements, "correction of the error remains within our discretion, which we should not exercise . . . unless the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks and citation omitted) (third alteration in original).

Although a district court "ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum," Crudup, 461 F.3d at 439 (internal quotation marks omitted), the district court must consider the Chapter Seven policy statements in the federal sentencing guidelines manual, as well as the statutory requirements and factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2006). Chapter Seven provides, "at revocation, the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." USSG ch. 7, pt. A(3)(b).

3

Section 3583 approves consideration of a majority of the factors listed in § 3553(a), omitting only two. 18 U.S.C. § 3583(e). Among the omitted factors is the need "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).

Citing Crudup, Miller contends that his sentence is plainly unreasonable because the district court considered the need to promote respect for the law, the seriousness of the offense, and the need for just punishment as factors. We conclude the district court's observations regarding the seriousness of Miller's offense and the need to provide just punishment and promote respect for the law were relevant to other required considerations, including "the nature and circumstances of the offense and the history and characteristics of the defendant," adequately deterring criminal conduct, and protecting the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C). The district court emphasized Miller's apparent refusal to abide by the terms of his supervised release, a factor relevant to Chapter Seven's policy that a revocation sentence should focus on the breach of the court's trust. Moreover, the district court expressly considered the factors in § 3553(a) that are applicable to revocation sentences. We conclude there was no plain error with

4

regard to the district court's articulation of the relevant considerations.

We further reject Miller's contention that the district court improperly referred to supervised release as a privilege. First, the district court's view of supervised release as a privilege in a general sense is not erroneous. See generally United States v. Johnson, 529 U.S. 53, 59 (2000) ("Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration."). Second, Miller points to no legal authority prohibiting the district court from viewing supervised release as a privilege. Third, it is evident from the district court's statements that it considered Miller's repeated violations while on supervised release a breach of trust. See USSG ch. 7, pt. A, introductory cmt. n.3(b) ("[A]t revocation the [district] court should sanction primarily the defendant's breach of trust."). We therefore find no error, much less plain error, in the district court's consideration of supervised release as a privilege.

Accordingly, we conclude that Miller's sentence is not plainly unreasonable. We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED