MARTIN, Circuit Judge,
concurring in part and dissenting in part:
I concur in the Majority’s conclusion that the savings clause in 28 U.S.C. § 2255(e) permits Mr. Mackey to bring a § 2241 habeas petition based on pure Be-gay error. Also, for the reasons I stated in Bryant v. Warden, FCC Coleman-Medium, 738 F.3d. 1253, 1293-95, No. 12-11212, 2013 WL 6768086, at *38-39 (11th Cir. Dec. 24, 2013) (Martin, J., concurring in part and dissenting in part), I agree that granting the writ without resentenc-ing is the appropriate remedy here because Mr. Mackey has already served more than ten years in prison. Like in Bryant, it is not necessary to resentence Mr. Mackey in order to remove the taint of pure Begay error on the defendant’s sentence in this case.[1]
To the extent the Majority embraces a rigid five-part test to determine eligibility for savings clause relief that requires circuit foreclosure at the time of a defendant’s sentencing, direct appeal, and initial § 2255, see Maj. Op. at 661-63, I dissent. Instead, I adhere to the views I expressed in my opinion in Bryant, No. 12-11212, 738 F.3d at 1299-1301, 2013 WL 6768086, at *44-45. See also Williams v. Warden, 713 F.3d 1332, 1350-55 (11th Cir.2013) (Martin, J., dissenting). Based on my reading of 28 U.S.C. § 2255(e), “the relevant point for measuring circuit foreclosure is at the time the first § 2255 motion was adjudicated, not the time of sentencing or direct appeal.” Bryant, No. 12-11212, 738 F.3d at 1301, 2013 WL 6768086, at *45.

. Upon his release, Mr. Mackey will begin serving a reduced three-year term of supervised release. He has not argued that he is entitled to a reduction in his term of supervised release by the amount of extra prison time he served above his statutory maximum. Nor could he. See United States v. Johnson, 529 U.S. 53, 54, 120 S.Ct. 1114, 1116, 146 L.Ed.2d 39 (2000). After the expiration of one year of his supervised release term, Mr. Mackey may ask his sentencing court to modify or terminate his period of supervised release, taking into consideration "that equitable considerations of great weight exist when an individual is incarcerated beyond the proper expiration of his prison term.” Id. at 60, 120 S.Ct. at 1119 (citing 18 U.S.C. § 3553(e)(1), (2)).