**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4253**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

CHRISTOPHER MICHAEL LOWERY,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Louise W. Flanagan, District Judge. (7:03-cr-00105-FL-1)

Submitted:  December 18, 2013     Decided:  January 13, 2014

Before MOTZ, SHEDD, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In February 2004, Christopher Michael Lowery pled guilty, pursuant to a plea agreement, to one count of being a felon in possession of a firearm, 18 U.S.C. § 922(g). Pursuant to the plea agreement, the Government dismissed a count of possessing a stolen firearm, 18 U.S.C. § 922(j). The district court sentenced Lowery on June 23, 2004, to 195 months' imprisonment and five years of supervised release. This court granted the Government's motion to dismiss Lowery's appeal. United States v. Lowery, No. 04-4524 (4th Cir. Oct. 6, 2005) (unpublished order).

In 2013, the district court granted Lowery's motion to vacate pursuant to 28 U.S.C. § 2255 (2012), which asserted that he was actually innocent of being a felon in possession of a firearm under our decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Accordingly, the district court vacated Lowery's felon-in-possession-of-a-firearm conviction. But Lowery agreed to the reinstatement of the possessing-a-stolen-firearm charge and pled guilty to that less serious offense.

The district court adopted a sentencing range of forty-one to fifty-one months' imprisonment. The Government moved for an upward departure pursuant to Section 4A1.3 of the Sentencing Guidelines on the ground that Lowery's criminal history

2

underrepresented the seriousness of his criminal conduct and likelihood of recidivism. The district court granted the Government's motion for an upward departure and sentenced Lowery to time already served and three years of supervised release. Lowery noted this timely appeal.

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court erred in imposing a term of supervised release without considering the excess time Lowery spent in custody. Lowery was advised of his right to file a pro se supplemental brief, but did not file one. The Government also declined to file a brief.

I.

This court reviews a sentence for procedural and substantive reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The same standard applies whether the sentence is "inside, just outside, or significantly outside the Guidelines range." United States v. Rivera-Santana, 668 F.3d 95, 100-01 (4th Cir. 2012) (quotation marks omitted). In evaluating procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the

3

parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, selected a sentence supported by the record, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-51. We give due deference to the sentencing court's decision to depart from the Guidelines range; a sentencing court need only "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis" for its decision. United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir. 2011) (citing Gall, 552 U.S. at 56). If the district court committed no procedural error, we review the sentence for substantive reasonableness, taking into account the totality of the circumstances. Gall, 552 U.S. at 51.

As an initial matter, we note that we lack jurisdiction to review the imprisonment portion of Lowery's sentence, as his release from prison renders any challenge to his imprisonment moot. As a result of Lowery's release, "there is no wrong to remedy," and this court "cannot grant any effectual relief whatever in favor of the appellant" as to the imprisonment component of his sentence. United States v. Hardy, 545 F.3d 280, 285 (4th Cir. 2008). We therefore review only the district court's decision to sentence Lowery to three years of supervised release.

Lowery did not request a specific term of supervised release, nor did he assert in the district court any objection to the imposition of supervised release, or the length of the term. Accordingly, we review only for plain error. United States v. Carthorne, 726 F.3d 503, 509 (4th Cir. 2013).[*] Lowery's guilty plea to possessing a stolen firearm established his guilt of a Class C felony, for which a district court may impose a term of supervised release of up to three years. 18 U.S.C. §§ 924(a)(2), 3559(a)(3), 3583(b)(2) (2012).

The Supreme Court has rejected the argument that a defendant is entitled to offset an excess term of imprisonment with a shortened term of supervised release. As the Supreme Court explained, the "objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release. Congress intended supervised release to assist individuals in their transition to community life. Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000). The Supreme Court also recognized that,

---

[*] Under plain error review, the challenging party must show that (1) there was an "error" (2) the error was "plain", (3) the error "affect[s] substantial rights," and (4) the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." United States v. Myers, 280 F.3d 407, 412 (4th Cir. 2002) (quotation marks omitted).

to remedy the iniquity of an excess prison term, a sentencing court may modify or (in some circumstances) terminate the defendant's supervised release obligations if these obligations no longer appear warranted. Id. at 60.

In this case, counsel noted during the sentencing hearing that Lowery was "entitled to almost 500 [days] of good time credit," but did not request that the court account for this credit in any way other than stating that the requested sentence of imprisonment was for time served. The district court considered Lowery's post-release plans, his record during incarceration, and his extensive criminal history before announcing its sentence.

We conclude that Lowery's circumstances warranted the imposition of a term of supervised release, and that, given his criminal history and likelihood of recidivism, the district court did not plainly err in imposing the maximum term available under the law. Nor did the district court err in failing, sua sponte, to credit Lowery's excess imprisonment against his term of supervised release.

II.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Lowery's conviction and sentence.

6

This court requires that counsel inform Lowery, in writing, of his right to petition the Supreme Court of the United States for further review. If Lowery requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lowery.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

7