FILED
United States Court of Appeals
Tenth Circuit

December 23, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff – Appellee,

v.

ADRIAN MIKE,

     Defendant – Appellant.

Nos. 14-2005, 14-2006
(D.C. Nos. 1:07-CR-01334-WJ-1,
2:12-CR-01922-WJ-1)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **PHILLIPS**, **SEYMOUR**, and **MORITZ**, Circuit Judges.

Defendant Adrian Mike appeals his conviction for escape in violation of 18 U.S.C. § 751(a). Mike walked away from a halfway house where he was confined as a condition of supervised release. He argues that such a violation did not constitute "escape" from "confinement" within the meaning of § 751(a). However, he also acknowledges to this court that such a contention is foreclosed by our precedent. Mike believes, however, that we should seek the approval of the full court in order to overturn this precedent. We decline his invitation.

Mike also contends that the Indictment charging him with escape under § 751(a) is fatally defective for two reasons: (1) he was not in custody for a

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Court Rule 32.1.

felony charge or conviction, and (2) the Indictment incorrectly states that he was "confined at the direction of the Attorney General." Mike's assertion that he was not in custody for a felony charge or conviction is again foreclosed by our precedent. And, while we agree that Mike was not "confined at the direction of the Attorney General," this statement is mere surplusage and does not render the Indictment fatally defective. Exercising jurisdiction under 18 U.S.C. § 3742(a)(1) and 28 U.S.C. § 1291, we AFFIRM the district court.

## BACKGROUND

Mike originally was sentenced to the custody of the Bureau of Prisons ("BOP") on September 8, 2009, for a term of 24 months following his conviction for assault resulting in serious bodily injury. Mike was placed on supervised release on September 16, 2010, but his inability to comply with the terms of his supervised release resulted in repeated revocation sentences over the next year and a half. These sentences included two additional stints in custody and subsequent periods of supervised release. On January 6, 2012, Mike began residing at Diersen Charities Residential Reentry Center in Las Cruces, New Mexico to serve his third supervised release term.

This brings us to the current case. On March 25, 2012, Mike walked away from Diersen Charities without permission. For this, he was charged with escape in violation of § 751(a).[1] His Indictment reads, in pertinent part:

_____

[1] Section 751(a) provides:

> On or about March 25, 2012 . . . the defendant, Adrian Mike, a/k/a Sean Mike Pooh, did knowingly escape from custody while housed at Diersen Charities, an institutional facility in which he was lawfully confined at the direction of the Attorney General by virtue of a judgment and commitment of the United States District Court for the District of New Mexico, for a violation of supervised release upon conviction for the commission of Assault Resulting in Serious Bodily Injury; Crime on an Indian Reservation, in violation of 18 U.S.C. § 1153. In violation of 18 U.S.C. § 751(a).

Mike moved to dismiss the Indictment on the grounds that it failed to state an offense. The district court denied Mike's motion. Mike then entered a conditional guilty plea under Fed. R. Crim. P. 11(a)(2), reserving his right to appeal the denial of his Motion to Dismiss the Indictment. He now appeals.

## DISCUSSION

We review de novo the question of whether Mike was in custody for the purposes of § 751(a) because it involves a question of statutory construction. *United States v. Ko*, 739 F.3d 558, 560 (10th Cir. 2014). We also review de novo

---

> Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate judge, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined under this title or imprisoned not more than five years, or both; or . . . by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction, be fined under this title or imprisoned not more than one year, or both.

the sufficiency of an indictment as a question of law. *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997). "An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *Id.*

Mike raises three issues on appeal. First, Mike argues that he was not in "custody" from which he could "escape" for the purposes of § 751(a). Mike's principal contention here is that the restrictions applicable to persons in halfway houses do not constitute custody for § 751(a). He bases this argument on the definition of "custody" and claims that this court is interpreting the word too broadly. Mike emphasizes that, "[e]ven if the word 'custody' could in a vacuum be read to include *any* restriction on freedom of movement or association, that reading is implausible in light of the requirement that the defendant '*escape*' from 'custody.'"

As Mike notes, however, this argument is foreclosed by our precedent. In *United States v. Sack*, we said that "[b]ecause [the defendant] was in the custody of the halfway house as a result of an order of the district court, we conclude he was in custody under § 751." 379 F.3d 1177, 1179 (10th Cir. 2004). Mike has highlighted for us that "[o]ne panel [of the Tenth Circuit] . . . may overrule a point of law established by a prior panel after obtaining authorization from all active judges on the court." *United States v. Meyers*, 200 F.3d 715, 721 (10th Cir. 2000). We believe, however, that *Sack* was rightly decided. Mike has

provided us with no adequate basis to disturb *Sack*'s holding. In addition, this court recently confirmed *Sack*'s holding in *United States v. Foster*, 754 F.3d 1186, 1190 (10th Cir. 2014). In *Foster*, this court rejected the very argument that Mike makes here: that a defendant who is placed at a halfway house as a condition of his supervised release is not in custody. *Id.* at 1191.

Mike's other arguments relate to the Indictment charging him with escape. Mike contends that the Indictment is fatally defective because (1) he was not in custody for a felony charge or conviction, and (2) the Indictment incorrectly states that Mike was "confined at the direction of the Attorney General." We consider each of these points in turn.

Mike argues that, rather than being in custody for a felony charge or conviction as required under § 751(a), he was in custody for violating the conditions of his supervised release. Unfortunately for Mike, this argument runs headlong into our holding in *Sack*. In *Sack*, the defendant similarly argued that his indictment for escape was defective because he was only in custody for violating the conditions of his release. *Sack*, 379 F.3d at 1181–82. We explained:

> [T]hroughout the relevant period [the defendant] was subject to court orders that arose from his arrest for the felony. That the court twice altered the conditions of [the defendant's] release based on his behavior does not sever the connection between the original arrest and the custody from which [the defendant] escaped.

*Id.* at 1182. Unfortunately for Mike, the same is true here. He was subject to court orders that arose from his arrest for assault resulting in serious bodily

injury, a felony. That the district court repeatedly altered the conditions of his release due to his behavior does nothing to sever this connection.

Mike also contests the Indictment's statement that he was "confined 'at the direction of the Attorney General.'" He correctly points out that he had been released from the BOP's confinement and was in the halfway house as a condition of his supervised release. Thus, he was no longer confined at the direction of the Attorney General as alleged in the Indictment.

Mike is correct. The Supreme Court has counseled us that an individual on supervised release is not in the BOP's custody. *See United States v. Johnson*, 529 U.S. 53, 57 (2000) ("Supervised release does not run while an individual remains in the custody of the Bureau of Prisons."). The district court, not the BOP, directed that Mike be placed in a halfway house as a condition of his supervised release. Therefore, the language in his Indictment suggesting he was "confined at the direction of the Attorney General" is incorrect.

Unfortunately for Mike, however, this mistake does not render the Indictment fatally defective. Section 751(a) applies not only to individuals who "escape[] or attempt[] to escape from the custody of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General," but also to those who "escape[] or attempt[] to escape . . . from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate judge . . . ." Here, Mike was undoubtedly confined to the halfway house by a

"process issued under the laws of the United States by any court, judge, or magistrate judge." 18 U.S.C. § 751(a). And the Indictment properly alleges this, noting that Mike was "lawfully confined [at Diersen Charities] at the direction of the Attorney General *by virtue of a judgment and commitment of the United States District Court for the District of New Mexico.*"

Even though the Indictment incorrectly alleges that Mike was "confined at the direction of the Attorney General," this statement is mere surplusage when viewed in the context of the Indictment as a whole. Even with this incorrect assertion, the Indictment still alleges that Mike violated § 751(a) by leaving a confinement that the district court ordered. Thus, the Indictment still sufficiently "sets forth the elements of the offense charged, puts [Mike] on fair notice of the charges against which he must defend, and enables [Mike] to assert a double jeopardy defense." *See Dashney*, 117 F.3d at 1205. While we agree that Mike was not "confined at the direction of the Attorney General," we conclude that the inclusion of this erroneous statement does not render his Indictment fatal.[2]

---

[2] Mike also argues that, if we reverse his escape conviction, we should remand his case for resentencing so that he is able to receive credit on his revocation sentence. Because we reject Mike's argument that his escape conviction should be reversed, we need not address his request for resentencing.

CONCLUSION

For the reasons stated here, we AFFIRM the district court's judgment.


ENTERED FOR THE COURT


Gregory A. Phillips
Circuit Judge