UNITED STATES of America,
Plaintiff–Appellee,

v.

David Leigh KING, Defendant–
Appellant.

No. 01–1270.

United States Court of Appeals,
Sixth Circuit.

Jan. 30, 2002.

Before JONES and COLE, Circuit Judges; GWIN, District Judge.*

## ORDER

David Leigh King, proceeding pro se, appeals a district court order denying his petition to terminate his supervised release pursuant to 18 U.S.C. § 3583(e)(2). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On January 3, 1994, King pleaded guilty to one count of aiding and abetting bank

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

fraud in violation of 18 U.S.C. §§ 1355 and 2. He was sentenced to 33 months in prison, 5 years of supervised release, and $12,126.53 in restitution. This court affirmed his conviction on direct appeal in *United States v. King*, 55 F.3d 1193 (6th Cir.1995). On April 22, 1996, King completed his federal term of imprisonment and was transferred to the Michigan Department of Corrections where he remains incarcerated due to a 1993 parole violation.

■ In his instant petition, King sought termination of his federal supervised release, arguing that his five-year term had begun upon his release from federal custody and had thus concluded in April 2001. He contended that the federal term of supervised release was not suspended by his state detention because his state detention for the alleged parole violation was not a term of imprisonment resulting from a conviction for a crime. The district court denied his petition under the plain language of 18 U.S.C. § 3624(e), reasoning that King had never been released from imprisonment and that his current incarceration was in connection with the conviction of a state crime.

King has filed a timely appeal, presenting his original arguments. He requests the appointment of counsel.

This court reviews a district court's interpretation of a sentencing statute de novo and its factual findings for clear error. *United States v. Swiney*, 203 F.3d 397, 401 (6th Cir.), *cert. denied*, 530 U.S. 1238, 120 S.Ct. 2678, 147 L.Ed.2d 288 (2000).

The district court properly denied King's petition pursuant to 18 U.S.C. § 3642(e), which states:

> Supervision after release.—A prisoner whose sentence includes a term of supervised release after imprisonment shall be released by the Bureau of Pris-

ons to the supervision of a probation officer who shall, during the term imposed, supervise the person released to the degree warranted by the conditions specified by the sentencing court. The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release. A term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal. State, or local crime unless the imprisonment is for a period of less than 30 consecutive days....

18 U.S.C. § 3624(e).

■ In *United States v. Johnson*, 529 U.S. 53, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000), the Supreme Court adopted the "commonsense" meaning of release and held that a defendant has not been released if still imprisoned. *Id.* at 57. Thus, a term of supervised release generally does not run concurrently to a term of imprisonment, but runs only after imprisonment concludes. *Id.* at 57–58. This interpretation of § 3624(e) accords with Congressional intent that supervised release "assist individuals in their transition to community life." *Id.* at 59.

King's imprisonment has never concluded as he was immediately transferred into state custody upon completing his federal prison sentence. His term of supervised release is not running concurrently with his state sentence, but will begin only upon his release into society because his imprisonment for parole revocation constitutes an imprisonment "in connection with" a conviction for a state crime.

Accordingly, all pending motions are denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.