Gerald L. PETTIT, Petitioner—
Appellant,

v.

Joseph D. LEHMAN, Respondent—
Appellee.

No. 01–35390.

D.C. No. CV–00–00762–RJB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 3, 2002.

Decided May 3, 2002.

Before D.W. NELSON, THOMPSON, and PAEZ, Circuit Judges.

## MEMORANDUM *

In his petition for a writ of habeas corpus, Gerald Pettit alleged that the Washington Department of Corrections ("DOC") retroactively applied a later-enacted Washington statute to justify denying his earned early release from prison. He invoked the Ex Poste Facto and Due Process Clauses of the United States Constitution. The district court rejected his claims on the merits, and dismissed his petition. We dismiss Pettit's appeal as moot.

As a result of good time credits, Pettit was eligible on March 16, 1999 for early release from prison to "community placement" to commence a 12-month term in community custody. Although he was *eligible* for such early release, the DOC denied his release into community placement until he submitted, and the DOC approved, a post-release residence address.

Pettit remained in prison until May 4, 2000, almost fourteen months after his earned early release date, at which time the DOC approved his proposed residence address and transferred him to community placement. His one-year term of community placement concluded on May 5, 2001. At the time of oral argument, the only outstanding component of Pettit's sentence was his obligation to pay the remaining balance of his financial obligation, which his counsel represented was $40. Pettit remains under supervision of the DOC to monitor compliance with this financial obligation.

The remedies Pettit seeks are (1) to be discharged from the DOC supervision he is currently under; or, (2) in the alternative, to receive a credit for the "extra" fourteen months he spent in prison against the ten-year time period during which the DOC can enforce his financial obligation. These remedies are foreclosed by the reasoning of *United States v. Johnson*, 529 U.S. 53, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000) and the applicable Washington statute. Therefore, we cannot grant Pettit any effective relief, and as a result his appeal is moot. *See Garcia v. Lawn*, 805 F.2d 1400, 1402–03 (9th Cir.1986).

In *Johnson*, the Supreme Court held that the "extra" time a federal prisoner served in prison could not be credited against his remaining term of supervised release. The Court explained that the language of the applicable federal statute provided that the term of supervised release commenced when the person was *actually released* from prison, not when he *should have been released*. *See Johnson*, 529 U.S. at 56–58, 120 S.Ct. 1114. The Court also explained that incarceration and supervised release terms serve different functions and "are not interchangeable." *Id.* at 58–60, 120 S.Ct. 1114.

The Washington statute applicable in this case provides that financial obligations imposed as a component of a sentence may be enforced during the ten-year period following the offender's release from confinement. Wash. Rev.Code § 9.94A.145(4) (1998) (current version at Wash. Rev.Code § 9.94A.760(4) (2002)). Like the statute in *Johnson*, the Washington statute does not provide that the financial obligation term will commence on the date the offender should have been released; it begins when he is released. *Id.*

Pettit attempts to distinguish *Johnson* on the ground that the Washington statute

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

is different from the federal statute at issue in *Johnson*. Pettit's attempt fails. Both statutes provide that the term of post-release supervision commences upon the offender's release from confinement. Pettit also argues that *Johnson* is not controlling because it was not a habeas case, and that a line of habeas cases establishes the availability of the remedies he seeks. We disagree. The habeas cases on which Pettit relies are not relevant to the issues in this case.

APPEAL DISMISSED.[1]

---

1. We deny Pettit's motion to take judicial notice of his state court probation violation hearing. That hearing pertained to enforcement of Pettit's financial obligation and does not affect the mootness of this appeal.