**Melvin R. NORRIS, Petitioner–Appellant,**

v.

**Stan W. CZERNIAK, Respondent–Appellee.**

No. 04–35086.

D.C. No. CV–02–00262–HA.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 7, 2004.*

Decided Jan. 19, 2005.

Anthony David Bornstein, Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Carolyn Alexander, Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before T.G. NELSON and RAWLINSON, Circuit Judges, and SCHWARZER,** Senior District Judge.

MEMORANDUM***

Melvin Norris appeals the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§ 2254. Because the parties are familiar with the facts, we do not restate them.

(1) Norris asserts that his right to due process of law was violated when the Oregon Supreme Court failed to apply the rule of lenity in interpreting Or.Rev.Stat. § 163.105, the murder statute under which he was convicted.

In reviewing the denial of a habeas corpus petition, "[w]e are bound by a state's interpretations of its own laws." *Himes v. Thompson,* 336 F.3d 848, 852 (9th Cir. 2003) (citing *Souch v. Schaivo,* 289 F.3d 616, 621 (9th Cir.2002)). We therefore defer to the Oregon Supreme Court's interpretation of Oregon law. In this case, the Oregon Supreme Court determined that the statute's meaning is clear and that it required the reduction of only one of Norris's two life sentences upon a finding that he was capable of rehabilitation. Because the rule of lenity is appropriate only where there is statutory ambiguity, it is inapplicable in this case. *United States v. Johnson,* 529 U.S. 53, 59, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000). The Oregon Supreme Court's decision was therefore not "contrary to" nor an "unreasonable application of" clearly established United States Supreme Court law. 28 U.S.C. § 2254(d); *see also Lockyer v. Andrade,* 538 U.S. 63, 73–76, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003) (holding that in order to grant relief under § 2254, a state court's application of clearly established Supreme Court law must be "objectively unreasonable").

(2) Norris also contends that his right to due process of law was violated because the Oregon Supreme Court retroactively applied a construction of Or.Rev.Stat. § 163.105 that was harsher than warranted by its text and legislative history. Again, we defer to the Oregon Supreme Court's interpretation and application of its own laws. The Oregon Supreme Court determined, after examining the statute's text and legislative history, that the statute's meaning is clear. This precludes a finding that construing and applying the statute according to its clear meaning is "harsher than warranted by its text and legislative history." The Oregon Supreme Court's determination was proper, and was not an unreasonable application of clearly established federal law.

**AFFIRMED.**