**UNITED STATES of America, Plaintiff,**

v.

**Charles R. NORGAARD, Defendant.**

**No. CR99–5508RJB.**

United States District Court,
W.D. Washington,
at Tacoma.

Jan. 25, 2005.

Andrew C. Friedman, US Attorney's Office, Seattle, WA, for Plaintiff.

Allen R. Bentley, Seattle, WA, and Carlton F. Gunn, Federal Public Defender's Office, Tacoma, WA, for Defendant.

## ORDER MODIFYING SUPERVISED RELEASE

BRYAN, District Judge.

This matter comes before the Court on Defendant Charles R. Norgaard's Motion for Termination of Supervised Release. (Dkt. 49). The court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

### I. *FACTS*

On March 31, 2000, this Court sentenced Norgaard to 57 months imprisonment and 36 months supervised release after he plead guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Dkt. 40. While in prison, Norgaard completed an intensive drug and alcohol program. Dkt. 50, at 1. Norgaard was to have been given a one year sentence reduction upon completion of the program, making his release date June 23, 2002. *Id.* However, the Bureau of Prisons ("BOP") denied Norgaard the sentence reduction. *Id.* at 2. Norgaard sued the BOP and prevailed. *Id.* Norgaard was released on March 20, 2003, and entered a halfway house. *Id.* He began his term of supervised release on September 20, 2003. *Id.* at 3.

Norgaard has been on supervised release for 17 months. He is 71 and lives with his 70 year old wife in Battle Ground, Washington. *Id.* They are retired and receive pensions. *Id.* His probation officer, Todd Willson, indicated that Norgaard is in compliance with the terms of his supervised release. Dkt. 51, at 1. Norgaard has given 15 random urine samples and all have tested negative for controlled substances. *Id.* at 2.

Norgaard now moves this Court to terminate his supervised release. Dkt. 49. He argues that he has fully complied thus far with all the requirements of his supervised release and that in the interest of justice his supervised release should be terminated. *Id.* He urges that the nine months he improperly served in prison, due to the BOP's failure to give him the one year credit for the drug course, should eliminate all his remaining supervised release time. *Id.*

The government concedes that Norgaard spent more time incarcerated then he should have. Dkt. 53. However, the government argues that because Norgaard failed to back out a month's good time, he actually only served an additional eight months. *Id.* The government also agrees that this Court has discretion to terminate Norgaard's supervised release early pursuant to 18 U.S.C. 3552(e) and *U.S. v. Johnson,* 529 U.S. 53, 60, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000). *Id.* The government urges this Court to reduce Norgaard's time on supervised release by only eight months. *Id.* at 3. It takes the position that Norgaard's criminal history and the facts of his offense suggest a need for continued

supervision to protect the public. *Id.* at 2. The government points to Norgaard's prior conviction for kidnaping, the fact that his current conviction arose from his possession of 24 firearms, and his threats to kill various governmental officials. *Id.*

## II. DISCUSSION

Under 18 U.S.C. § 3583(e)(1) the court may, after considering the factors set forth in §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), terminate a term of supervised release and discharge the defendant at any time after the expiration of one year of supervised release, if it is satisfied that such action is warranted by the conduct of the defendant and in the interests of justice. The § 3553(a) factors for consideration include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence, to protect the public, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; the kinds of sentence and the sentencing range established for the applicable category of offense; any pertinent policy statement issued by the Sentencing Commission; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6).

### A. FACTORS UNDER 18 U.S.C. § 3553(a)

■ Although the nature of Norgaard's offense is serious, and he has a prior history of kidnaping, the factors in § 3553(a) weigh in favor of terminating Norgaard's supervised release. Norgaard is 71 years old, and lives with his 70 year old wife. He has cooperated fully with his probation officer. He completed an intensive drug and alcohol course in prison. He has given

15 random urine samples which have tested negative for controlled substances. There is little likelihood that continued supervised release will afford an additional deterrence or is needed to protect the public. Norgaard and his wife both receive pensions and so there is no need to provide him with educational or vocational training, medical care, or other correctional treatment. The Court is unaware of any pertinent policy statement issued by the Sentencing Commission which would effect this case. Norgaard was sentenced at the low end of the sentencing range for his offense. Dkt. 42. He has already completed 17 of the 36 months of his supervised release time. Considering the fact that he spent at least eight additional months in prison, he has already suffered from a sentence disparity. The balance of the factors to be considered under 18 U.S.C. §§ 3553(a) indicate Norgaard's supervised release should be terminated.

### B. CONDUCT OF DEFENDANT

As referenced above, Norgaard's conduct indicates his period of supervised release should end. He completed an intensive drug and alcohol course while in prison. He has been living in Battle Ground, Washington without incident. His probation officer indicates he has cooperated with the terms of his probation.

### C. INTERESTS OF JUSTICE

■ Justice also requires Norgaard's supervised release be terminated. The parties agree that Norgaard spent at least eight extra months in prison. "There can be no doubt that equitable considerations of great weight exist when an individual is incarcerated beyond the proper expiration of his prison term." *U.S. v. Johnson,* 529 U.S. 53, 60, 120 S.Ct. 1114, 146 L.Ed.2d 39 (2000). The BOP's failure to give Norgaard credit for the drug course he com-

pleted denied him his freedom while he was in his seventies. His term of supervised release should be terminated.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Norgaard's Motion to Terminate Supervised Release (Dkt. 49) is **GRANTED** and his term of supervised release in shortened to 17 months.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.