

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-12-2005

# Hinton v. Miner

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1760

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Hinton v. Miner" (2005). *2005 Decisions.* Paper 872.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/872

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-1760
_____

HAYWOOD HINTON,
Appellant

v.

JONATHAN C. MINER

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 03-cv-03051)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted Under Third Circuit LAR 34.1(a)
July 1, 2005

Before:  SLOVITER, BARRY AND FISHER, CIRCUIT JUDGES.

(Filed:  July 12, 2005)

_____

OPINION
_____

PER CURIAM.

In 2003, Haywood Hinton, then serving a 60-month custodial term on a federal

bank fraud conviction, filed a 28 U.S.C. § 2241 petition for a writ of habeas corpus

challenging the Bureau of Prisons' (BOP) computation of the time it credited toward

service of his sentence. Hinton claimed that the BOP failed to credit his sentence for the entire period from November 28, 2001 through September 9, 2002. The District Court rejected the habeas petition on the merits, finding that Hinton was properly credited for the time in dispute. Hinton timely filed this appeal. Thereafter, Hinton finished serving his custodial term; he is currently serving a five-year term of supervised release.

The appellee argues that the appeal has been rendered moot by Hinton's release from BOP custody. We agree. An Article III "case or controversy" must be present at all stages of the litigation for a federal court to exercise judicial power. Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477-78 (1990). To maintain this appeal, Hinton must show some "collateral consequence" of the alleged failure to properly calculate his custodial term, and that his injury remains "likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7 (1998). While Hinton might claim that the BOP's alleged miscalculation of his sentence has affected his supervised release term, any additional credit toward the custodial portion of Hinton's sentence would not shorten his period of supervised release. See United States v. Johnson, 529 U.S. 53, 58-60 (2000) (holding that length of supervised release term may not be reduced by undisputed excess time spent in prison); DeFoy v. McCullough, 393 F.3d 439, 442 n.3 (3d Cir. 2005). Thus,

2

given Hinton's release from custody and his failure to make a showing of collateral

consequences, we will dismiss his appeal as moot.[1]

---

[1]Were we to reach the merits, we would affirm the denial of Hinton's habeas petition for the reasons expressed in the District Court's comprehensive Opinion. The record is clear that Hinton was properly credited – partly toward two state sentences and the remainder toward his federal sentence – for the entire period from November 28, 2001 through September 9, 2002. In addition, insofar as Hinton seeks to raise a challenge to the District Court's 2001 order denying his pre-trial motion to suppress evidence in his criminal case, that issue is not properly raised in this § 2441 proceeding.