**13-4404-ag**
**Stryker v. Securities and Exchange Commission,**

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2014

(Argued:  September 29, 2014          Decided: March 11, 2015)

Docket No. 13-4404-ag

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LARRY STRYKER,

　　　　Petitioner,

　　　　　　v.

SECURITIES AND EXCHANGE COMMISSION,

　　　　Respondent.

- - - - - - - - - - - - - - - - - - -- - - - - - - - - - - - - - - -

B e f o r e:   WINTER and CHIN, Circuit Judges, and OETKEN, District Judge.*

Petition for review of the Securities and Exchange Commission's denial of a claim for a whistleblower award.  We hold that the SEC's interpretation of Section 21F of the Securities Exchange Act was reasonable and therefore entitled to deference under Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837 (1984).  We deny the petition.

---

* The Honorable J. Paul Oetken, of the United States District Court for the Southern District of New York, sitting by designation.

STEPHEN M. KOHN (Karim H. Kamal, New York, NY, Michael D. Kohn & David K. Colapinto, Kohn, Kohn & Colapinto, LLP, Washington, DC, on the brief), Kohn, Kohn & Colapinto, LLP, Washington, DC, for Petitioner.

WILLIAM K. SHIRLEY (Anne K. Small, Michael A. Conley, John W. Avery, Stephen G. Yoder, on the brief), Securities and Exchange Commission, Washington, DC, for Respondent.

Dean A. Zerbe, Zerbe, Fingeret, Frank & Jadav PC, Houston, TX, for Amicus Curiae.

WINTER, Circuit Judge:

Larry Stryker petitions for review of an order of the Securities and Exchange Commission ("SEC") denying his claim for a whistleblower award. He sought the award under Section 21F of the Dodd-Frank Act ("Dodd-Frank"), 15 U.S.C. § 78u-6, based on information he supplied to the SEC that it relied upon in a successful enforcement action. The SEC held that, because the information was submitted before enactment of Dodd-Frank, petitioner did not qualify for an award under Section 21F(b)(1) of the Securities Exchange Act of 1934 and Rules 21F-(3)(a) and 21F-4(c). Concluding that the SEC's interpretation of Section 21F was within its authority and consistent with the legislation, we deny the petition.

**BACKGROUND**

Between 2004 and July 2009, petitioner submitted information to the SEC's Enforcement Division regarding alleged wrongdoing by Advanced Technologies Group LTD ("ATG") and an involved individual. In March 2009, the SEC opened an investigation of the alleged misconduct. It interviewed petitioner the following month. The SEC subsequently filed an enforcement action against ATG and the individual, charging them with violating Section 5 of the Securities Act of 1933. In November 2010, the SEC reached a settlement with the respondents to the enforcement action. The district court for the Southern District of New York approved the settlement, whereby ATG and the individual were held liable for a little over $19 million. Advanced Tech. Group Ltd., Exchange Act Release No. 70772, 2013 WL 5819623 (Oct. 30, 2013); see SEC v. Advanced Tech. Group, Ltd., No. 10-CV-4868 (S.D.N.Y. 2011).

On January 11, 2011, petitioner submitted an application for a whistleblower award under Section 21F of Dodd-Frank based on the successful enforcement action. The SEC's preliminary determination recommended that his award claim be denied. It stated, in relevant part:

> The information provided by Claimant
> [Stryker] prior to July 21, 2010 . . . is not
> "original information" within the meaning of
> Section 21F(a)(1) of the Exchange Act and
> Rule 21F-4(b)(1)(iv) thereunder because it
> was not provided to the Commission for the
> first time after July 21, 2010 . . . .

3

Petitioner's response to the preliminary determination did not dispute that he provided the information in question before July 2010.  Rather, he argued that the definition of "original information," as set forth in the quoted Rule, was "contrary to the statute insofar as it requires that information be submitted to the Commission for the first time after Dodd-Frank's effective date."

On October 30, 2013, the SEC issued a final order denying petitioner's claim for the reasons given in its preliminary determination.

**DISCUSSION**

Section 21F(f) of the Securities Exchange Act, 15 U.S.C. § 78u-6(f), authorizes us to review the SEC's denial of a whistleblower award.  Where the ruling is based on an interpretive rule or regulation promulgated by the SEC pursuant to legislation, our review uses the familiar two-step framework set forth in Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842-43 (1984).  We have described the Chevron test as follows:

> At step one, we consider whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. To ascertain Congress's intent, we begin with the statutory text because if its language is unambiguous, no further inquiry

4

is necessary. Only if we determine that Congress has not directly addressed the precise question at issue will we turn to canons of construction and, if that is unsuccessful, to legislative history to see if those interpretive clues permit us to identify Congress's clear intent.

If, despite these efforts, we still cannot conclude that Congress has directly addressed the precise question at issue, we will proceed to Chevron step two, which instructs us to defer to an agency's interpretation of the statute it administers, so long as it is reasonable.

N.Y. ex rel. N.Y. State Office of Children & Family Servs. v. U.S. Dep't of Health & Human Servs. Admin. for Children & Families, 556 F.3d 90, 97 (2d Cir. 2009) (citations and internal quotation marks omitted); see also United States v. Connolly, 552 F.3d 86, 89 (2d Cir. 2008) (applying the two-step inquiry as required by Chevron).

We therefore turn to Step 1 and the pertinent statutory language. Section 21F provides that, where the monetary sanctions imposed in an SEC enforcement action exceed $1 million, the SEC must make a whistleblower award to individuals who voluntarily provided the SEC with "original information" about the underlying violation of securities laws. See 15 U.S.C. § 78u-6(a), (b). Section 21F defines "original information" as information that:

(A) is derived from the independent knowledge or analysis of a whistleblower;

5

> (B) is not known to the Commission from any other source, unless the whistleblower is the original source of the information; and
> (C) is not exclusively derived from an allegation made in a judicial or administrative hearing, in a governmental report, hearing, audit, or investigation, or from the news media, unless the whistleblower is a source of the information.

Id. § 78u-6(a)(3).  Recognizing that this definition leaves a number of loose ends, Congress also provided that a putative whistleblower must provide the requisite information in the form and manner required by SEC's rules and regulations.  See id. § 78u-6(a)(6); see also id. § 78u-7(a) (providing the SEC with rulemaking authority to "issue final regulations implementing the provisions of section 78u-6").

Such rules and regulations would be of necessity promulgated sometime after Dodd-Frank was passed, and Congress also recognized that information from putative whistleblowers might be volunteered to the SEC before such promulgation.  To allow for such submissions to qualify for a whistleblower award, Congress created an express safe harbor for "[i]nformation provided to the Commission in writing . . . prior to the effective date of the regulations, if the information is provided by the whistleblower after July 21, 2010."  Id. § 78u-7(b).  To give effect to the safe harbor, the SEC adopted Rule 21F-9(d), which states:

> If you submitted original information in writing to the Commission after July 21, 2010 (the date of enactment of . . . Dodd-Frank but before the effective date of these rules,

6

> your submission will be deemed to satisfy the requirements set forth in paragraphs (a) and (b) of this section.

17 C.F.R. § 240.21F-9(d).

Like the statutory definition of "original information," the safe harbor provision does not expressly state whether information submitted prior to July 21, 2010 might still qualify for a whistleblower award. Congress, however, did provide that "original information" had to be submitted in conformity with the SEC's rules and regulations. See 15 U.S.C. § 78u-6(a)(6). After considering comments from the public on proposed rules implementing the whistleblower provisions of Dodd-Frank, the SEC adopted Rules 21F-1 through 21F-17. 17 C.F.R. §§ 240.21F-1 to -17. Rule 21F-4(b)(1)(iv) provides that whistleblower awards may be made only for information "[p]rovided to the Commission for the first time after July 21, 2010." This Rule was the basis of the denial of an award to petitioner who now challenges it as invalid. We reject that challenge.

The sole basis for petitioner's claim is Section 21F, which was not enacted until after he took the actions that are the grounds for the award sought. If the purpose of Dodd-Frank was to encourage whistleblower activity, already completed actions would arguably not qualify. We need not, however, decide if Congress clearly intended to bar a whistleblower award to petitioner at Chevron Step 1 because even if Dodd-Frank is

7

ambiguous, we defer to the SEC's interpretation of Dodd-Frank at Step 2. Section 78u-7(b)'s safe harbor and Section 78u-6(c)(2)(D)'s provision that, to qualify as "original information," information must be submitted pursuant to the SEC's rules and regulations, support the SEC's position that information submitted before July 21, 2010 does not qualify as "original information." Congress delegated to the SEC rulemaking authority to implement the whistleblower award program and specific authority to determine the "form and manner" in which information had to be submitted in order to qualify as "original information." See 15 U.S.C. § 78u-6(a)(6). Under Dodd-Frank, the only genre of information exempted from the requirement that it be submitted pursuant to the SEC's applicable rules and regulations is that described in the Section 924(b) safe harbor, i.e., information "provided to the Commission . . . prior to the effective date of the regulations, if the information is provided by the whistleblower after July 21, 2010." Id. § 78u-7(b). This limited exclusion from the otherwise required compliance with rules and regulations to be promulgated by the SEC supports an inference that Rule 21F-4(b)(1)(iv) is consistent with legislative intent. See United States v. Johnson, 529 U.S. 53, 58 (2000) ("When Congress provides exceptions in a statute, . . . . [t]he proper inference . . . is that Congress considered the issue of exceptions, and, in the end, limited the statute to the

8

ones set forth."); Gulino v. N.Y. State Educ. Dep't, 460 F.3d 361, 375 (2d Cir. 2006) (similar).

Even if Congress's intent is unclear, therefore, under Step 2 of Chevron, the SEC's interpretation, as set forth in Rule 21F-4(b)(1)(iv), was reasonable and entitled to deference. We "will defer to a reasonable agency interpretation of ambiguous statutory language when it appears that Congress has delegated authority to the agency generally to make rules carrying the force of law, and that the agency interpretation claiming deference was promulgated in the exercise of that authority." Cohen v. JP Morgan Chase & Co., 498 F.3d 111, 124 (2d Cir. 2007) (internal quotation marks omitted). To find an agency's interpretation is reasonable, we "need not conclude that the agency construction was the only one it permissibly could have adopted." Mei Juan Zhang v. Holder, 672 F.3d 178, 183 (2d Cir. 2012) (internal quotation marks omitted). Because the SEC's interpretation was fully consistent with the legislation's safe harbor provision, the SEC's final order against petitioner is valid.

## CONCLUSION

Even if Dodd-Frank is ambiguous in relevant part, petitioner's submission of information to the SEC did not qualify as statutorily defined whistleblower information because it: (i) did not conform to the SEC's Rule 21F-4(b)(1)(iv), which

9

disqualified information submitted prior to July 21, 2010; and (ii) did not fall within Congress's safe harbor, which excluded from its protection information submitted prior to that date. We therefore deny the petition.