**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4397**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

MUTTAQIN F. ABDULLAH, a/k/a King, a/k/a Clayton Montray
Pinckney,

                Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Margaret B. Seymour, Senior
District Judge.  (3:05-cr-00014-MBS-1)

Submitted:  November 30, 2016     Decided:  December 16, 2016

Before SHEDD and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Parks N. Small, Federal Public Defender, Columbia, South
Carolina, for Appellant.  Beth Drake, Acting United States
Attorney, Jimmie Ewing, Robert Frank Daley, Jr., Assistant
United States Attorneys, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Muttaqin F. Abdullah appeals from the sentence imposed after he was resentenced for his conviction for being a felon in possession of a firearm. At resentencing, the court imposed a term of imprisonment of time served and a three-year term of supervised release. On appeal, Abdullah contends that the court erred in imposing supervised release because he had already served nearly a year and a half more than the statutory maximum term of imprisonment.

Abdullah argues that the district court did not have the authority to impose a sentence above the total maximum combined sentences for term of imprisonment and supervised release. He suggests that if this court does find a term of supervised release to be available, that the three-year term is an unreasonable sentence. Because Abdullah was resentenced under 18 U.S.C. § 924(c)(2) (2012), the imposition of supervised release under 18 U.S.C. § 3583(a) (2012) became discretionary. We review questions of law de novo. United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012). The district court's imposition of a sentence is reviewed for an abuse of discretion. Gall v. United States, 552 U.S. 38, 50 (2007).

Abdullah acknowledges that the Supreme Court has held that "[s]upervised release fulfills rehabilitative ends, distinct from those served by incarceration" and that "[t]he objectives

2

of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release." United States v. Johnson, 529 U.S. 53, 59 (2000). In Johnson, the Court considered whether the defendant was entitled to a reduction in the term of his supervised release to compensate him for two and a half years of time served over what was available after some of his convictions were invalidated. The Court held that 18 U.S.C. § 3624(e) (2012) did not entitle the defendant to credit based on over service of an original term of imprisonment, stating that § 3624(e) "does not reduce the length of a supervised release term by reason of excess time served in prison." Johnson, 529 U.S. at 60.

Abdullah contends, however, that to impose a sentence in excess of the statutory maximums for term of imprisonment and supervised release violates Congress's intent in creating maximum sentences. Abdullah posits that his case differs from Johnson in that, in Johnson, the defendant would never serve the maximum statutory sentence even if his supervised release was revoked. Here, if Abdullah's supervised release were ever to be revoked, and he served the maximum three years, he would serve 1 year, 4 months, and 27 days over the statutory maximum sentence of ten years and three supervised release years. This assertion, however, ignores that Johnson compels the conclusion that the initial term of imprisonment and subsequent term of

3

supervised release are separate sentences and not conglomerated or subject to being served concurrently.

We have confirmed since Johnson that a supervised release term consecutive to a term of imprisonment cannot be served concurrently to a term of imprisonment because the purpose of supervised release is different from that of incarceration. See United States v. Neuhauser, 745 F.3d 125, 129 (4th Cir. 2014) (evaluating whether civil confinement after criminal sentence completed counted toward supervised release term); United States v. Buchanan, 638 F.3d 448, 451 (4th Cir. 2011) (considering tolling of supervised release while defendant absconded).

Abdullah's term of supervised release cannot begin until he is released from confinement. Thus it is not possible to consider the initial term of imprisonment to fulfill at least a portion of the supervised release term because the supervised release term was not yet ripe. See Johnson, 529 U.S. at 57 ("the ordinary, commonsense meaning of release is to be freed from confinement"); Neuhauser, 745 F.3d at 129 ("supervised release has no statutory function until confinement ends" (internal quotation marks and citation omitted)).

Abdullah does not challenge the three-year supervised release term on any basis other than it is an invalid option, or at least is unavailable for the period of time that his sentence was overserved. We conclude, however, that the district court

did not abuse its discretion in imposing the three-year term of supervised release in light of Abdullah's threatening communication, during his initial sentencing, of the court and murder victim's family, and his numerous assaults and offenses while in prison, including threatening and assaulting correction officers.

Accordingly, we affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED
