# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 17-1263

———————————————

Douglas Earl Leiter, also known as William Jackson

*Petitioner - Appellant*

v.

Christopher Nickrenz, Warden, FPC - Duluth

*Respondent - Appellee*

————————

Appeal from United States District Court
for the District of Minnesota - Minneapolis

————————

Submitted: September 7, 2017
Filed: September 11, 2017
[Unpublished]

————————

Before WOLLMAN, MURPHY, and KELLY, Circuit Judges.

————————

PER CURIAM.

Douglas Earl Leiter, a/k/a William Jackson, appeals following the dismissal of an action which the district court[1] construed as a 28 U.S.C. § 2241 petition, in which

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, adopting the report and recommendations of the Honorable Becky R.

Leiter challenged a prison disciplinary proceeding that resulted in his loss of good-time credits. Although we recognize that Leiter was not exclusively seeking restoration of his good-time credits, we conclude that the matter was properly construed as a section 2241 petition. Cf. Portley-El v. Brill, 288 F.3d 1063, 1066 (8th Cir. 2002) (because good-time credits affect length of inmate's confinement, habeas corpus is exclusive federal remedy when prisoner seeks restoration of good-time credits taken away by prison disciplinary proceeding).

Having carefully reviewed the record, however, we conclude the case is now moot: Leiter was released from prison while this appeal was pending, return of the good-time credits would have no effect on his current term of supervised release, and at this time we see no collateral consequences from the challenged disciplinary action. See United States v. Johnson, 529 U.S. 53, 54-59 (2000) (supervised release begins when prisoner is released from prison; excess prison time served cannot offset term of supervised release); cf. Leonard v. Nix, 55 F.3d 370, 372-73 (8th Cir.1995) (release of prisoner (subsequently reincarcerated) did not moot habeas petition where challenged disciplinary action had collateral consequences).

Accordingly, we dismiss this appeal.

————————————————

————————————

Thorson, United States Magistrate Judge for the District of Minnesota.

-2-