18-3458-cr
*United States v. Aurand*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand twenty-two.

PRESENT:    JOSÉ A. CABRANES,
            JOSEPH F. BIANCO,
            EUNICE C. LEE,
                    *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                *Appellee,*                                18-3458-cr

        v.

SHANE AURAND,

                *Defendant-Appellant.*

---

**FOR APPELLEE:**                       Tiffany H. Lee, Assistant United States
                                        Attorney, *for* Trini E. Ross, United States
                                        Attorney, Western District of New York,
                                        Buffalo, NY.


**FOR DEFENDANT-APPELLANT:**            Brendan White, White & White, New
                                        York, NY.


Appeal from a judgment of the United States District Court for the Western District of New York (Lawrence J. Vilardo, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Shane Aurand pleaded guilty to one count of distributing child pornography. *See* 18 U.S.C. § 2252A(a)(2)(A). He was subsequently sentenced to 180 months' imprisonment, to be followed by lifetime supervised release. Aurand appeals from one supervised release condition: that "[h]e shall refrain from the possession or use of pornographic materials including videos, magazines, or other electronically stored images" (the "Pornography Condition"). App'x 118.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A bar on possessing otherwise legal adult pornography—which is protected by the First Amendment—"must be supported on the record by detailed factual findings establishing that the proposed ban is reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a) and that it is reasonably necessary to accomplish their objectives." *United States v. Eaglin*, 913 F.3d 88, 99 (2d Cir. 2019). We assume without deciding that the District Court erred by not making such detailed factual findings on the record.

However, any error did not "seriously affect[] the fairness, integrity or public reputation of judicial proceedings." *See United States v. Olano*, 507 U.S. 725, 731–32 (1993) (explaining that errors not raised below are subject to plain error review under Fed. R. Crim. P. 52(b)) (internal quotation marks omitted). We have held that, where "the reason for [a supervised release] condition[] is self-evident in the record . . . and the condition[] meet[s] the purposes of supervised release, any error of the district court [in failing to expressly articulate on the record why it imposed this condition] is harmless." *United States v. Balon*, 384 F.3d 38, 41 n.1 (2d Cir. 2004).

Here, the District Court imposed the Pornography Condition because it was recommended by Aurand's treatment specialist. *See* App'x 120 ("I just wanted to make sure . . . to impose the conditions that Dr. Heffler included in his report."). In light of this reference, the District Court's reasoning is self-evident. Dr. Heffler's report explains that Aurand is "compulsively obsessed with sexual activity with children," and that this addiction is reinforced by the release of the chemical dopamine when Aurand is sexually aroused by pornographic media. Report 21–22. The evaluation concludes that this "fixation . . . is best addressed through development of methods to manage these desires or impulses." *Id.* at 21. The Pornography Condition thus self-evidently seeks to encourage

---

[1] While the District Court orally imposed this condition, it is not included in the written judgment. In such circumstances, "the oral sentence generally controls," because "the oral sentence . . . constitutes the judgment of the court, and . . . is authority for the execution of the court's sentence," while "[t]he written commitment order is mere evidence of such authority." *United States v. DeMartino*, 112 F.3d 75, 78–79 (2d Cir. 1997) (citation omitted).

Aurand to manage his fixation and discourage reactivating it, reducing what Aurand's treatment specialist described as "a high risk of recidivism." App'x 123. This is consistent with the purpose of supervised release "to protect the public from further crimes of the defendant." *United States v. Johnson*, 529 U.S. 53, 59 (2000) (quoting 18 U.S.C. § 3553(a)).

We have reviewed all of the arguments raised by Aurand on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the October 23, 2018, judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court