NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 28 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-50010 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 3:21-cr-03538-BAS-2 |
| JAMIN VARGAS SALINAS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Submitted March 26, 2024**
Pasadena, California

Before: GRABER and FORREST, Circuit Judges, and SELNA,*** District Judge.

Defendant Jamin Vargas Salinas appeals the three-year term of supervised

release included in his sentence. We have jurisdiction under 28 U.S.C. § 1291, and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

we vacate the imposition of supervised release and remand for resentencing.

1.    ***Preservation.*** To preserve a claim of error, a party must "inform[] the court—when the court ruling or order is made or sought—of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (quoting Fed. R. Crim. P. 51(b)). Sentencing objections "must have a specific substantive basis" that "provides the district court with an opportunity to address the error in the first instance and allows this court to engage in more meaningful review." *United States v. Grissom*, 525 F.3d 691, 694 (9th Cir. 2008) (citation omitted). Such objections may be raised in written objections to the PSR, *United States v. Barnes*, 993 F.2d 680, 684 (9th Cir. 1993), in a sentencing memorandum, or at the sentencing hearing, *United States v. Hammond*, 742 F.3d 880, 884 (9th Cir. 2014).

Here, Vargas Salinas preserved his supervised-release challenge because his sentencing memorandum specifically explained what he wanted—no term of supervised release—and why he contended this was proper—the safety valve, 18 U.S.C. § 3553(f), and U.S. Sentencing Guideline § 5D1.1(c). That was sufficient to raise this issue to the district court and preserve it for appeal.

2.    ***Term of Supervised Release.*** "Congress intended supervised release to assist individuals in their transition to community life." *United States v. Johnson*, 529 U.S. 53, 59 (2000). That purpose cannot be served for non-citizen defendants

2

who are removed from the country upon completion of their custodial sentence. The Sentencing Guidelines therefore provide that "[t]he court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." U.S.S.G. § 5D1.1(c). The application note further explains that illegal reentry prosecution usually is sufficient deterrence, but the district court should "consider imposing a term of supervised release . . . if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." *Id.* Consistent with this instruction, we have determined that in most cases involving defendants who face removal on release from imprisonment, "imposing a term of supervised release is unnecessary," but that supervised release is appropriate "in uncommon cases where added deterrence and protection are needed." *United States v. Valdavinos-Torres*, 704 F.3d 679, 693 (9th Cir. 2012) (citation omitted). When the "uncommon case" arises, the sentencing court must give "a specific and particularized explanation that supervised release would provide an added measure of deterrence and protection based on the facts of [the defendant's] case." *Id.*

Here, the district court imposed supervised release without any explanation as to why Vargas Salinas's case fell into the exception set out in *Valdavinos-Torres* and the Guidelines. Moreover, the court's discussion about the need for punishment—

3

the importation of "a very large load of methamphetamine with the potential to do real damage to people's lives"—focused only on the terms of imprisonment, not on supervised release. Without an adequate explanation, we cannot meaningfully review Vargas Salinas's sentence. *See Gall v. United States*, 552 U.S. 38, 50 (2007). We therefore vacate the term of supervised release and remand for resentencing.

**3.** ***Sentencing Judgment.*** The parties agree that the district court erred in adding conditions of supervised release to the written judgment that it did not impose at oral pronouncement of sentence. *See United States v. Montoya*, 82 F.4th 640, 651 (9th Cir. 2023) (en banc) (District courts "must orally pronounce" discretionary conditions of supervised release, whether standard or special, "in the presence of the defendant" by either "recit[ing] each condition it elects to impose" or by incorporating "by reference at the hearing" proposed conditions that the defendant has been informed of in advance of the hearing.); *United States v. Hernandez*, 795 F.3d 1159, 1169 (9th Cir. 2015) ("When there is a discrepancy between an unambiguous oral pronouncement of a sentence and the written judgment, the oral pronouncement controls." (citation omitted)). Because we vacate the term of supervised release, this issue can be addressed on remand.

**VACATED AND REMANDED.**