# United States Court of Appeals
## For the First Circuit

No. 22-1945

SUZANNE M. BROWN,

Petitioner, Appellant,

v.

MICHAEL J. PENDERS, Chief U.S. Probation Officer for the
District of Maine; BUREAU OF PRISONS, NORTHEAST RESIDENTIAL
REENTRY MANAGEMENT,

Respondents, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, Jr., U.S. District Judge]

Before

Kayatta, Lynch, and Montecalvo,
Circuit Judges.

Inga L. Parsons, by appointment of the Court, for
appellant.
Trevor Haruo Taniguchi, Assistant United States
Attorney, with whom Darcie N. McElwee, United States Attorney, was
on brief, for appellee Bureau of Prisons, Northeast Residential
Reentry Management.

May 17, 2024

LYNCH, **Circuit Judge**. Suzanne Brown appeals from the November 23, 2022, denial of her petition for habeas corpus. Brown v. Rieger, No. 22-cv-00259, 2022 WL 17184294 (D. Me. Nov. 23, 2022). As Brown has been released from confinement since she filed this appeal, Brown now concedes that certain of her original claims no longer provide any avenue for relief and that she does have an alternate mechanism to seek relief under 18 U.S.C. § 3583. She now argues only that her term of supervised release began on the date the Bureau of Prisons ("BOP") transferred her to home confinement and should be measured from that date.

We affirm the denial of habeas relief.

## I. Background

Brown's petition originally argued that the BOP had both failed to accurately calculate and then to apply time credits to which she argues she was entitled under the First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, 132 Stat. 5194 (codified in scattered sections of 18, 21, 34, and 42 U.S.C.).[1] Brown concedes that her original request to be released from imprisonment is now moot. She also concedes that under controlling precedent other relief

---

[1] Under the FSA federal prisoners can earn up to fifteen days of time credit per month by participating in "evidence-based recidivism reduction programming ["EBRR"] or productive activities." 18 U.S.C. § 3632(d)(4)(A). Such time credits "shall be applied toward time in prerelease custody or supervised release." Id. § 3632(d)(4)(C).

requests originally made are no longer viable. We state only those facts pertinent to our holding.

In January 2017 Brown was convicted after a jury trial on twelve counts of making a materially false statement to a federal agency in violation of 18 U.S.C. § 1001(a)(2). Brown was sentenced to twelve months of imprisonment and a two-year term of supervised release. This court affirmed her convictions. See United States v. Brown, 945 F.3d 597, 599, 605-06 (1st Cir. 2019). She did not challenge her sentence on appeal. See generally id.

Brown began her term of imprisonment on January 3, 2022, with release scheduled for January 1, 2023 (assuming full time served less credit for one day of incarceration in March of 2016). In March 2022, BOP calculated that Brown had earned fifteen FSA credits, which it applied to accelerate her release date to December 17, 2022.

On August 2, 2022, BOP transferred Brown to home confinement pursuant to the emergency measures of the CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020), still with a calculated release date of December 17, 2022. In an August 8, 2022, email to BOP personnel, Brown contested her FSA credit calculation and projected release date. BOP declined to make any changes.

On August 24, 2022, Brown filed this petition for habeas corpus in the U.S. District Court for the District of Maine,

arguing that she had earned enough FSA credits to qualify for release on September 2, 2022, and that BOP's decision not to correct her FSA credit calculation and apply FSA credits to accelerate her release would result in her being held unlawfully in custody.

On November 18, 2022, a magistrate judge recommended that Brown's petition for habeas corpus be denied. The district court adopted that recommendation and denied the petition on November 23, 2022.

Brown timely appealed on December 1, 2022. On December 17, 2022, Brown was released from home confinement as planned.

**II. Analysis**

"We review the denial of a habeas petition de novo," and may affirm "for any reason apparent in the record." Francis v. Maloney, 798 F.3d 33, 36 (1st Cir. 2015).

At oral argument on May 6, 2024, Brown correctly conceded that controlling precedent forecloses some of the relief she sought earlier. She now asks only that we hold her term of supervised release began on August 2, 2022, when she was transferred to home confinement.

We could not backdate the start of Brown's supervised release to account for a period of overincarceration even if we concluded such overincarceration occurred (an issue we do not reach). This is because, as the Supreme Court held in United

- 4 -

States v. Johnson, 18 U.S.C. § 3624(e) states that "[t]he term of supervised release commences on the day the person is released from imprisonment," 529 U.S. 53, 56 (2000), and "by its own necessary operation[] does not reduce the length of a supervised release term by reason of excess time served in prison," id. at 60.

Instead Brown argues that "'[h]ome' is not imprisonment," and from this she attempts to further argue that she necessarily was released from imprisonment and began her term of supervised release under Johnson on August 2, 2022, when BOP transferred her to home confinement. Brown's position is foreclosed by the text of the statute under which BOP exercises custody over federal prisoners. Under 18 U.S.C. § 3621(a), "[a] person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the [BOP] until the expiration of the term imposed, or until earlier released for satisfactory behavior pursuant to the provisions of section 3624." That custody did not end when the BOP placed Brown on home confinement.[2]

---

[2] Brown incorrectly argues that according to "the BOP's brief it appears that the BOP relinquished custody to the probation department . . . on August 2, 2022, the transfer of which custody[] legally triggered the commencement of Ms. Brown's supervised release." In fact the BOP's brief states that "Brown was transferred to home confinement under the supervision of the District of Maine Probation Office." (Emphasis added.) Brown does not identify any source of legal authority under which BOP could have released Brown from a court-ordered sentence placing her into its custody more than four months early.

Although the BOP's authority to transfer inmates to home confinement is codified at 18 U.S.C. § 3624, the statute referenced in § 3621(a) as governing early release, the home confinement elements of § 3624 pertain only to "[p]rerelease [c]ustody." 18 U.S.C. §§ 3624(c), (g) (emphasis added). That authority is distinct from the "release[] for satisfactory behavior" provisions § 3621(a) refers to, which exist at § 3624(b). The home confinement to which Brown was transferred was a form of BOP custody -- that is, imprisonment under § 3621(a) -- and her term of supervised release could not begin under Johnson until the BOP released her from that custody.[3]

The district court's denial of Brown's habeas corpus petition is **affirmed**. We express no view as to whether Brown could receive relief under other procedural mechanisms, such as 18 U.S.C. § 3583. The appellees' pending motion to amend the caption in this case is **denied** as moot.

---

[3] Brown cites a DOJ Office of Legal Counsel memorandum for the proposition that BOP does not have the authority to place individuals in its custody in home confinement, attempting to infer from that memorandum that BOP custody over Brown must have ceased when she was placed on home confinement. While that document did conclude that the BOP lacks the authority to place inmates in home confinement under the general placement authority of 18 U.S.C. § 3621(a) and (b), more to the point it also concluded that the BOP possesses the authority to place inmates in its custody in home confinement pursuant to other specific statutory authority to do so, such as § 3624(c)(2). See generally Home Confinement of Fed. Prisoners After the Covid-19 Emergency, 2021 WL 222748 (O.L.C. Jan. 15, 2021).