**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-4421**

———————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

        v.

IVANDER JAMES, JR.,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Florence.   C. Weston Houck, Senior District
Judge.   (4:01-cr-00965-CWH-1)

———————

Submitted:  January 31, 2017          Decided:  July 6, 2017

———————

Before GREGORY, Chief Judge, and SHEDD and AGEE, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

William F. Nettles, IV, Assistant Federal Public Defender,
Florence, South Carolina, for Appellant. Alfred William Walker
Bethea, Jr., Assistant United States Attorney, Florence, South
Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ivander James, Jr., appeals from the sentence imposed after he was resentenced for his conviction for being a felon in possession of a firearm. At resentencing, the court imposed a term of imprisonment of time served and a three-year term of supervised release. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the three-year term of supervised release was a reasonable sentence. James was advised of his right to file a pro se informal brief, but has not done so. The Government declined to file a brief. We affirm.

James suggests that the three-year term is a substantively unreasonable sentence. Because James was resentenced under 18 U.S.C. § 922(g)(1) (2012), the imposition of supervised release under 18 U.S.C. § 3583(a) (2012) became discretionary. We review questions of law de novo. United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012). The district court's imposition of a sentence is reviewed for an abuse of discretion. Gall v. United States, 552 U.S. 38, 50 (2007).

James acknowledges that the Supreme Court has held that "[s]upervised release fulfills rehabilitative ends, distinct from those served by incarceration" and that "[t]he objectives of supervised release would be unfulfilled if excess prison time

2

were to offset and reduce terms of supervised release." United States v. Johnson, 529 U.S. 53, 59 (2000). In Johnson, the Court considered whether the defendant was entitled to a reduction in the term of his supervised release to compensate him for two and a half years of time served over what was available after some of his convictions were invalidated. The Court held that 18 U.S.C. § 3624(e) (2012) did not entitle the defendant to credit based on over service of an original term of imprisonment, stating that § 3624(e) "does not reduce the length of a supervised release term by reason of excess time served in prison." Johnson, 529 U.S. at 60.

We have confirmed since Johnson that a supervised release term consecutive to a term of imprisonment cannot be served concurrently to a term of imprisonment because the purpose of supervised release is different from that of incarceration. See United States v. Neuhauser, 745 F.3d 125, 129 (4th Cir. 2014) (evaluating whether civil confinement after criminal sentence completed counted toward supervised release term); United States v. Buchanan, 638 F.3d 448, 451 (4th Cir. 2011) (considering tolling of supervised release while defendant absconded).

A "term of supervised release . . . [is] part of the sentence," United States v. Evans, 159 F.3d 908, 913 (4th Cir. 1998), and is therefore reviewed for reasonableness. Gall, 552

3

U.S. at 51. If a sentence is procedurally reasonable, we review for "substantive reasonableness . . . under an abuse-of-discretion standard." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). The sentence must be "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a) (2012).

The district court did not abuse its discretion in imposing the maximum three-year term of supervised release. The court specified the need for supervision, stating that James had been incarcerated for a lengthy period of time and that the purpose of supervised release was to have someone to help him get situated and provide supervision of his transition to life outside of prison. The court acknowledged that James could later move the court to terminate supervision. James has not rebutted the presumption of reasonableness.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the amended judgment. This court requires that counsel inform James, in writing, of the right to petition the Supreme Court of the United States for further review. If James requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof

4

was served on James.   We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>