**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4195**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDREA BLOODWORTH, a/k/a Andre Thettle Green,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, Chief District Judge. (4:06-cr-00337-TLW-1)

Submitted: September 26, 2017                    Decided: September 28, 2017

Before NIEMEYER and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Howard W. Anderson III, LAW OFFICE OF HOWARD W. ANDERSON III, LLC, Pendleton, South Carolina, for Appellant. Carrie Fisher Sherard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrea Bloodworth pled guilty in 2008 to being a felon in possession of a firearm, and was sentenced to 204 months' imprisonment. Following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), the district court held a resentencing hearing at which it determined that Bloodworth no longer qualified as an armed career criminal. Accordingly, the court imposed a sentence of time-served because Bloodworth had already served more than the statutory maximum sentence of 120 months. Bloodworth appeals. Counsel has filed a brief in accordance *Anders v. California*, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal but questioning whether the district court erred in denying his request to "bank" the time Bloodworth over-served his sentence against his term of supervised release. Although advised of his right to file a pro se supplemental brief, Bloodworth has not done so.

The Supreme Court has held that a defendant is not entitled to a credit toward a term of supervised release based on excess time served in prison. *See United States v. Johnson*, 529 U.S. 53, 59 (2000) ("The objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release."). Therefore, this claim fails. In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment.

This court requires that counsel inform Bloodworth, in writing, of the right to petition the Supreme Court of the United States for further review. If Bloodworth

requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bloodworth. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*