In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-1019

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

TERRY N. TAYLOR,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Western Division.
No. 04 CR 50038 — **Philip G. Reinhard**, *Judge.*

ARGUED AUGUST 9, 2016 — DECIDED AUGUST 15, 2016

Before BAUER, POSNER, and SYKES, *Circuit Judges.*

POSNER, *Circuit Judge.* In 2005 the defendant had been
sentenced by Judge Reinhard to 300 months in prison for
federal gun-related offenses (namely for possessing a shot-
gun illegally), but the sentence was later determined to be
invalid and in December of last year the defendant was re-
sentenced by Judge Reinhard to 176 months, even though by
that time the defendant was 54 years old, had a serious vi-
sion problem, and had been a model prisoner during the 140

months that he'd been in prison before he was resentenced. Indeed as a result of his good behavior he was credited with having served 160 months of imprisonment, so that Judge Reinhard's 176-month sentence was effectively a sentence of sixteen more months in prison. The sixteen months will end on December 16 of this year, and the defendant has already been moved from prison to a halfway house in preparation for his imminent release.

The 176-month sentence, however little it will affect the defendant's incarceration, was more than double the high end of Taylor's recalculated guidelines range of 70 to 87 months. And so, unsurprisingly, at his resentencing hearing both the probation service and the U.S. Attorney's Office recommended that he be sentenced to time served. Had the judge gone along with the recommendations, the defendant would have been released immediately.

The judge refused to take the advice of the U.S. Attorney's Office and the probation service on two grounds: the gravity of the defendant's criminal history before the offenses of which he had been convicted in 2005 (a history mostly predating the twenty-first century) and the fact that the defendant, while he had never threatened any officials, had filed complaints (and one civil suit) critical of judicial behavior by Judge Reinhard and other judges and alleging conspiracies linking judges and various other officials to grievances the defendant had suffered decades ago. Conceivably, Judge Reinhard supposed, the defendant might follow up the complaints with criminal harassment upon his release. The judge thought these two grounds predictive of the likelihood that upon release from prison the defendant will commit further crimes.

These were flimsy grounds. Most of the defendant's criminal history prior to the shotgun incident consisted of driving offenses, and he presumably can't drive any longer because of his vision problem. As for pestering federal judges (including the author of this opinion!) with seemingly groundless complaints about how he's been treated by the criminal justice system, he has a constitutional right to petition the government for redress of grievances, though if he becomes an utter nuisance his petitioning activity can be reined in. He has not threatened anybody with violence or other criminal harm, and the judge offered no adequate reason for inferring a risk of recidivism from the contents of his complaints. See *United States v. Bradley*, 628 F.3d 394, 400 (7th Cir. 2010) ("Due process requires that sentencing determinations be based on reliable evidence, not speculation or unfounded allegations." (quoting *United States v. England*, 555 F.3d 616, 622 (7th Cir. 2009))).

The judge did cite 18 U.S.C. § 3553(a), which specifies factors that a sentencing judge must consider in deciding what sentence to impose, but he did not align the factors with the defendant's situation. So far as relevant to this case, the statute provides that "The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," to wit "the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." (D) is obviously irrelevant. As for (A),

nearly twelve years in prison for a crime that caused no harm (except perhaps to frighten the person whom the defendant supposedly brandished his shotgun at the day before he was arrested) should be enough to satisfy the requirements of that subsection. And with further crimes by the defendant unlikely, (C) falls out of the picture, leaving (B); and again his decade-plus in prison should provide adequate deterrence to anyone thinking of emulating the defendant's crimes.

In sum, the district judge did not adequately justify the sentence that he imposed and indeed based it in part on sheer speculation. The sentence is therefore vacated and the case remanded for another round of resentencing—we trust it will be the last. Time is of the essence, since under the sentence that we're vacating Taylor could be expected to be released from the halfway house just four months from now. We are therefore issuing the mandate forthwith and reminding Taylor's attorney that pursuant to 18 U.S.C. § 3143 he can move the district judge, pending resentencing, to release Taylor immediately.

VACATED AND REMANDED