**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 29, 2018[*]
Decided June 29, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 17-3450

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> TERRY N. TAYLOR, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Western Division. <br><br> No. 04CR50038-1 <br><br> Philip G. Reinhard, <br> *Judge.* |

**O R D E R**

Terry Taylor appeals the denial of his motion for termination of his remaining term of supervised release. He argues that early release is warranted because he was imprisoned for longer than the statutory maximum for his offenses and he so far has complied with his supervised-release conditions. The district court found that continued supervised release was necessary to help Taylor reintegrate into the

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

community. Because the district court did not abuse its discretion in denying Taylor's motion, we affirm.

Taylor was convicted of possessing a firearm as a felon, 18 U.S.C. § 922(g)(1), and possessing an unregistered sawed-off shotgun, 26 U.S.C. § 5861(d). The judge sentenced him under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), based on three prior convictions that qualified as "violent felonies": two for armed robbery and one for theft from a person. As a result, Taylor was subject to a fifteen-year statutory minimum sentence, *see* 18 U.S.C. § 924(e)(1), rather than the ten-year statutory maximum that would otherwise apply, *see* 18 U.S.C. § 924(a)(2); *see also* 26 U.S.C. § 5871. The judge sentenced him to a total of 300 months' imprisonment.

Taylor appealed his sentence, arguing that his theft conviction did not constitute a violent felony because no violence occurred during the commission of the crime. But the Armed Career Criminal Act's "residual clause" defines violent felony as any crime that "involves conduct that presents a serious potential risk of physical injury to another," *see* 18 U.S.C. § 924(e)(2)(B)(ii), and we upheld the district court's conclusion that theft from a person creates the potential for violence or injury. *See United States v. Taylor*, 179 F. App'x. 957, 961 (7th Cir. 2006).

Taylor successfully challenged his sentence after the Supreme Court in *Samuel Johnson v. United States*, 135 S. Ct. 2551 (2015), held that the residual clause of the ACCA was unconstitutionally vague. He was initially resentenced to a total term of 176 months' imprisonment, but we vacated that sentence, *United States v. Taylor*, 833 F.3d 795, 796–97 (7th Cir. 2016), and Taylor was resentenced to time-served and three years' supervised release. By then, he had been incarcerated for about fourteen years.

After completing one year of supervised release, Taylor moved for early termination on grounds that he was imprisoned longer than the ten-year statutory maximum under both 18 U.S.C. § 924(a)(2) and 26 U.S.C. § 5871, and that he had complied with all supervised-release conditions. The district court denied the motion. The court acknowledged that Taylor had followed his supervised-release conditions and that medical issues limited any risk that he posed to the public, but the court also pointed out Taylor's "long history of criminal behavior" and his four major incident reports during a recent thirty-seven-day stay in a residential re-entry center. This recent behavior, the court said, suggested that Taylor was having trouble reintegrating into the community and could continue to pose a significant public risk.

On appeal Taylor maintains that the time he spent unlawfully imprisoned should count toward his term of supervised release. But prison time and supervised release are not interchangeable: "Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *United States v. Johnson*, 529 U.S. 53, 59 (2000). A key purpose of supervised release is to ease an individual's transition back into the community after a long prison term, *United States v. Maranda*, 761 F.3d 689, 697 (7th Cir. 2014), and that objective cannot be met while the individual is incarcerated.

Taylor also argues the district court abused its discretion in denying his motion because he adhered to the conditions of his supervised release. But mere compliance with the terms of supervised release is expected, and without more, insufficient to justify early termination under 18 U.S.C. § 3583(e). The district judge here properly looked to the appropriate factors in 18 U.S.C. § 3553(a) and determined that termination was not warranted at this time. *See* 18 U.S.C. § 3583(e). Specifically, the judge considered Taylor's adherence to the terms of his supervised release, as well as his various medical issues, *see* 18 U.S.C. § 3553(a)(1), but also noted that Taylor had committed recent behavioral infractions at a residential re-entry center and that this, coupled with his criminal history, indicated that he still may struggle to reintegrate into the community. *See id.* § 3553(a)(1), (2)(B), (2)(C).

Accordingly, we AFFIRM the decision of the district court. In light of that ruling, we DENY as moot Taylor's motion to expedite this appeal.