**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4149**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDWARD LEE LEWIS,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph R. Goodwin, District Judge. (2:02-cr-00042-1)

Submitted: August 24, 2018                    Decided: August 28, 2018

Before WILKINSON and DUNCAN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Christina M. Capece, Federal Public Defender, Jonathan D. Byrne, Research & Writing Specialist, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. Michael B. Stuart, United States Attorney, J. Matthew Davis, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward Lee Lewis was charged with violating several conditions of his supervised release. At a hearing at which Lewis admitted the violations, the district court revoked release and sentenced him to 18 months in prison. Lewis appeals.

"We will affirm a revocation sentence if it is within the statutory maximum and is not 'plainly unreasonable.'" *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013) (quoting *United States v. Crudup*, 461 F.3d 433, 438 (4th Cir. 2006)). The record establishes that Lewis was sentenced within the statutory maximum term of two years, *see* 18 U.S.C. §§ 924(a)(2), 3559(a)(3), 3583(e)(3) (2012). The remaining question is whether the sentence is plainly unreasonable.

"When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). Only if we find a sentence to be unreasonable will we consider whether it is "plainly" so. *United States v. Crudup*, 461 F.3d at 440.

A revocation sentence is procedurally reasonable if the district court considered the Chapter Seven policy statement range and the applicable 18 U.S.C. § 3553(a) (2012) sentencing factors. *Id.* A revocation sentence is substantively reasonable if the court stated a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. *Id.* "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *United States v. Thompson*, 595 F.3d at 547 (internal quotation marks omitted).

We conclude that Lewis' sentence is procedurally and substantively reasonable. The district court considered relevant § 3553(a) factors, and the court was aware of Lewis' policy statement range of 5-11 months. Further, the court provided a sufficiently individualized assessment in fashioning the revocation sentence. In this regard, the court was particularly concerned that Lewis had demonstrated that he was not amenable to either supervision or drug treatment. The court was similarly concerned that the offenses of conviction were not minor crimes. We reject Lewis' claims that the court should have considered that he over-served his original sentence, imposed in 2002, because he was erroneously determined to be an armed career criminal. Case law and Guidelines commentary counsel that supervised release and incarceration serve different ends and that detention ordered upon revocation of release may not be decreased by time served in official detention other than time spent in detention for the release violation. *See United States v. Johnson,* 529 U.S. 53, 54-56 (2000); U.S. Sentencing Guidelines Manual § 7B1.3(e), p.s., cmt. n.3 (2017).

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

3